MATHEWS, Justice.,
This is an appeal from an order of the Circuit Judge of Dade County, affirming a final order of the County Judge of Dade County, adjudicating that a bank account in the Dade Federal Savings and Loan Association of Miami in the name of George J. Brandle and Louise Vondervied was an account held by them as joint tenants with the right of survivorship and not as tenants in common. There were three documents which must be construed together in determining- whether or not the account was held by the parties as joint tenants with the right of survivorship, or as tenants in common.
There was an ■ application for membership, signed by each of the parties. , There is no question of the authenticity of the signatures. The .application for membership contained the following:
“Membership of joint holders (with right of survivorship) of a share account.”
The words “as joint tenants with the right of survivorship and not as tenants in common” appear twice in the application. The second document is a card which is sometimes referred to as the ledger. It is under the name of each of the parties and at the bottom of1 the ledger, sheet the following words .appear, “as joint tenants with the right of survivorship and not as tenants in common * * * Either of the Above Holders May' Withdraw From the Account”-. -, The third. document is a bank .book which certifies to a saving share account in -the name of each of the parties and with the words “Either of the Above Holders May Withdraw From This Account”. On the second page of this book ’ the' following appears',' George J. Brandle or (Miss) Louise Vondervied as joint tenants with the right of survivorship and not as tenants in common.”
It appears from the record that Brandle requested Miss Louise Vondervied to sign and return' the application. She' did sign and return the application and thereby agreed ' to the terms and conditions set forth therein. " '"
. The appellant calls, particular, attention to section .689.15, F.S., F.S.A., which provides that an individual. “transfer .or. conveyance. heretofore or hereafter made to *28 two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship”. In this case the three instruments above described expressly provide for the right of survivorship. The cases of Crabtree v. Garcia, Fla., 43 So.2d 466; Hagerty v. Hagerty, Fla., 52 So.2d 432, and Crawford v. McGraw, Fla., 61 So.2d 484, are controlling in this case.
Affirmed.
ROBERTS, C. J., and TERRELL, THOMAS, HOBSON and DREW, JJ., concur.
1 SEBRING, J., dissents.