127 So.2d 112 (1960)
CHASE FEDERAL SAVINGS AND LOAN ASSOCIATION, a Florida Corporation, and Selena M. Poster, Petitioners,
v.
George J. SULLIVAN, as Administrator C.T.A. of the Estate of Mary E. Sutton Sullivan, Deceased, Respondent.
Supreme Court of Florida.
November 23, 1960.
Rehearing Denied January 16, 1961.
*113 Copeland, Therrel, Baisden & Peterson, and Fred R. Baisden, Miami Beach, for Chase Federal Savings and Loan Ass'n.
Thos. McE. Johnston and Mershon, Sawyer, Johnston, Simmons & Dunwody, Miami, for Selena M. Poster, petitioners.
Fuller Warren and Kenneth L. Ryskamp, Miami, for respondent.
Ernest J. London, Miami, for amicus curiae.
ROBERTS, Justice.
This review was initiated by the filing of a petition for writ of certiorari to the District Court of Appeal, Third District, fortified in that the District Court certified the controlling question as one of great public interest. This court therefore has jurisdiction.
The factual background and questions of law are adequately set forth in the opinion of the District Court in Sullivan v. Chase Federal Savings and Loan Association, 119 So.2d 78, 79, as follows:
"The account in question was originally opened by Edgar S. Sutton, a former husband of the deceased. On January 21, 1950, Mr. Sutton had changed the account into a joint account in his and his wife's name. Mr. Sutton died and Mary E. Sutton, his wife, became the sole owner of the funds in this account. Thereafter on October 3, 1957, Mary E. Sutton changed the account into a joint account in her name and in that of Selena M. Poster with right of survivorship. The depositions and affidavits clearly showed that Mrs. Sutton wanted Mrs. Poster to have the balance in the account upon her death (emphasis added) because Mrs. Poster had been a constant and close friend. Thereafter Mary E. Sutton married George J. Sullivan, but the account remained unchanged. Upon the death of Mary E. Sutton Sullivan her administrator brought the action in which the summary final decree was entered."
*114 After the death of Mrs. Sullivan the respondent filed a complaint reciting the fact of the joint fund and praying for a declaratory judgment on the theory that the estate created by adding the name of Selena M. Poster to the existing fund was a trust estate for the convenience of Mary E. Sutton, and not a joint tenancy with right of survivorship as would appear from the face of the record. Mrs. Poster's answer denied that such was Mrs. Sutton's intention and asserted that "the funds deposited therein became her sole property by operation of law upon the death of said decedent; that the said decedent created said joint account with right of survivorship in the name of Mary Sutton and Selena M. Poster with the intent to make a gift to Selena M. Poster of the funds on deposit upon the decedent's death". (Emphasis added.) Both parties moved for summary judgment.
The trial court found that there was no genuine issue as to any material fact and granted the motion for summary judgment by defendants in the Circuit Court (appearing here as petitioners) and against the administrator (appearing here as respondent). The District Court reversed the summary decree and remanded the cause, and said:
"In each instance the affidavits and depositions sustained the allegations of paragraph `9' of the answer, that the decedent created the joint account with the right of survivorship in the names of Mary E. Sutton and Selena M. Poster with the intent to make a gift to Selena M. Poster of the funds on deposit upon her death. Nowhere in the record is there any suggestion that the deceased ever intended to make an inter vivos gift of the amount in the account.
The Supreme Court of Florida has determined that where a joint bank account with right of survivorship is established with the funds of one person, a gift of the funds remaining in the account at the death of the creator of the joint account is presumed, but that such presumption may be rebutted. Spark v. Canny, Fla. 1956, 88 So.2d 307. The presumption has been rebutted in this case by the pleadings, depositions and affidavits to the effect that the sole intent of the creator was to make a gift effective only upon the death of the creator. Therefore the establishment of the joint bank account was an ineffectual attempt to do that which could only be accomplished by last will and testament. (Emphasis added) Since the evidence in the instant case shows conclusively that the joint bank account was established by Mrs. Sullivan as an attempted testamentary devise, it was error to hold that Mrs. Poster was entitled to the balance in the account at Mrs. Sullivan's death. Spark v. Canny, supra; Murray v. Gadsden, 91 U.S.App. D.C. 38, 197 F.2d 194, 203, 33 A.L.R.2d 554.
"The summary final decree is reversed and the cause remanded for the entry of a decree in accordance with this opinion."
It is clear from the decree in the District Court that the court considered carefully the authorities and reasoning in Spark v. Canny, supra, 88 So.2d 307, and based its decision thereon.
The fundamental question here is that of surrender of dominion and control by the donor. It is true that this essential element relating to gifts inter vivos cannot be strictly and literally applied because of the very nature of a joint fund. However, we think there must exist an intention that each party shall have a present, equal right to withdraw the funds. See Hagerty v. Hagerty, Fla. 1951, 52 So.2d 432. This court in Spark v. Canny, supra, 88 So.2d 307, at page 311, said in discussing Murray v. Gadsden, supra, 91 U.S.App.D.C. 38, 197 F.2d 194, 33 A.L.R.2d 554, "There, the federal court discarded *115 the `contract theory' and held that a joint estate in a bank account `is not established unless it is the result of a gift or a trust as a condition precedent * * *' We think this is the sounder and more logical rule than the `contract theory' and one which is entirely in accord with the previous decisions of this court respecting joint bank accounts with right of survivorship." In applying the tests of a gift inter vivos, i.e. clear intention of the donor to transfer a present interest, delivery by surrender of dominion and control to the donee, and acceptance of the gift by the donee, the rules have been modified by the nature of a joint fund but the basic elements are the same: donative intent, delivery  not the money, in specie, in the joint fund, but a gift of an undivided interest in the funds, the surrender of an equal right to withdraw the funds, and acceptance by the donee. Cf. McKinnon v. First Nat. Bank of Pensacola, 77 Fla. 777, 82 So. 748, 6 A.L.R. 111; King v. King, Fla. 1951, 55 So.2d 181; Webster v. St. Petersburg Federal Savings & Loan Ass'n, 155 Fla. 412, 20 So.2d 400.
The District Court properly found and the record shows that the proofs submitted in the instant case established that the joint fund was created by Mrs. Sullivan solely with the intention that Mrs. Poster, as survivor, should have the remaining balance in the account at the time of her [Mrs. Sullivan's] death. The first test has been met. However, clearly rebutted, is the presumption that Mrs. Sullivan ever surrendered, or intended to surrender, an equal right to withdraw the money or that Mrs. Poster ever accepted an interest in the funds during the lifetime of Mrs. Sullivan. The second and third requirements of a gift inter vivos have not been met.
We hold therefore that the gift of the funds was a testamentary transfer and void for failure to comply with the requirements of Chapter 731, Florida Statutes, F.S.A. A contrary ruling would operate to defeat the claims of those entitled to priority over testamentary beneficiaries, including creditors and the rights of widows in certain cases to have their dower set apart.
For the reasons stated the decision under review is not disturbed and the writ of certiorari heretofore issued in this cause is discharged.
THOMAS, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.