WIGGINTON, Judge.
Appellee administrator filed an action for declaratory relief in the Circuit Court of Duval County for the purpose of procuring a judicial declaration as to the ownership of two bank accounts which had been established in the names of his decedent, Janie Graham McQueen, and the appellants Evelyne Demps and Katherine E. Demps, with right of survivorship. From an adverse decree the defendants have appealed.
The decedent, Janie Graham McQueen, was the sister of appellant Evelyne Demps and aunt by marriage of Katherine E. Demps. Two joint bank accounts were separately established with funds owned exclusively by Janie Graham McQueen. Each account was established in the name of Janie G. McQueen, Evelyne Demps, and Katherine E. Demps, as joint tenants with right of survivorship.
At the conclusion of the trial the chancellor filed a memorandum in which he found that all the funds deposited in and credited to the questioned bank accounts were the sole property of Janie Graham *535 McQueen, and neither at the time the accounts were established, nor at any time prior to the death of Janie McQueen, was it intended that each of the three parties whose names were carried on the account should have a present equal right to withdraw the'funds; that Janie McQueen did not surrender control of the account to Evelyne Demps or Katherine E. Demps, either or both, and neither of the latter parties accepted any proprietary interest in •either of said accounts during the lifetime of Janie McQueen. The chancellor further found that the decedent Janie McQueen never entertained a donative intent to make a gift inter vivos to appellants Evelyne Demps and Katherine E. Demps, ■nor did she surrender to the latter the •equal right to withdraw the money deposited in said accounts, nor did either Evelyne Demps or Katherine E. Demps .accept an interest in the funds during the lifetime of the decedent. The chancellor •concluded that it was the intent of the parties that any right of ownership of either of the appellants in the funds was to vest only upon the death of Janie McQueen. It was finally concluded that the funds represented by each of the joint bank accounts belonged to the estate of Janie Graham McQueen and that appellee as administrator is entitled to demand, receive, and receipt for the funds. The .administrator was awarded a judgment against Katherine E. Demps for the amount •of funds withdrawn by her from one of the joint bank accounts subsequent to the death of Janie McQueen.
It appears to be appellants’ principal contention that the chancellor erred in finding from the evidence adduced at the trial that no gift inter vivos of the two joint bank accounts was intended or made by Janie Graham McQueen to appellants Evelyne Demps and Katherine E. Demps. Appellants rely in support of their position upon the decision rendered by the Supreme Court in the case of Spark v. Canny[1] in which it is said that “where a joint bank account with right of sur-vivorship is established with funds of one person, as here, a gift of the funds remaining in the account at the death of the creator of the joint account is presumed; but such presumption is rebuttable and may be overcome by clear and convincing evidence to the contrary.” The rule of law enunciated in the Spark case was recognized and followed by this Court in the Josephson case.[2] The opinion in Josephson authored by Judge Rawls discussed and carefully analyzed the prior decisions rendered by 'the appellate courts of Florida relating to joint bank accounts with right of survivorship. We concluded that although certain established principles of law must be observed in deciding cases falling within this category, that nevertheless each case must be decided on the basis of the facts presented in determining the issues of donative intent, delivery and acceptance, and whether the evidence is sufficiently clear and convincing to rebut the presumption of gift created by the statute.[3]
In the colloquy between the chancellor and counsel for the parties as disclosed by the record on appeal it affirmatively appears that in reaching his conclusion the chancellor carefully considered prior decisions of the appellate courts of Florida bearing upon the issues presented for his decision. The chancellor declared that he had given due weight to the presumption of a gift, but in consideration of all the evidence he found no inter vivos gift had been made by the decedent to the appellants; that there was no dona-tive intent on the part of the decedent nor an acceptance of the gift on the part of appellants. The chancellor further stated that he found there had never been a surrender of the right to Evelyne Demps *536 to withdraw the funds from either of the accounts, although Katherine E. Demps was given such right subject to the approval of the decedent Janie McQueen.
We have carefully reviewed the evidence reflected by the record and fail to find that the chancellor abused his discretion in making the findings of fact and reaching the conclusions of law as expressed in his written memorandum and in the final decree appealed. The decree is accordingly affirmed.
STURGIS, C. J., and RAWLS, J., concur.

. Spark v. Canny, (Fla.1956) 88 So.2d 307.

. Josephson v. Kuhner, (Fla.App.1962) 139 So.2d 440.

. F.S. § 689.15, F.S A.