**HELFRITZ v. RIEGLE, Executor.**
No. 36123.
Circuit Court, Volusia County.
January 26, 1965.

96

98

***

106

Walter Foster, Jr. and Raymond, Wilson, Karl & Conway, all of Daytona Beach, for plaintiff.

David L. Black and Curtis Basch, both of Daytona Beach, for the executor.

ROBERT H. WINGFIELD, Circuit Judge.

*Final decree:* This suit evokes the jurisdiction of the court under chapter 87, Florida Statutes, to determine the ownership of joint savings accounts opened by the decedent, Werner H. Helfritz, during his lifetime. Five accounts are involved. On three of these accounts, the surviving codepositor is Richard A. Helfritz, decedent's minor son by a prior marriage to Jerry L. Robinson. On two of the accounts, the surviving co-depositor is decedent's widow, Lillian C. Helfritz.

The complaint was filed by Richard A. Helfritz by his mother and next friend, Jerry L. Robinson. It sets forth that Jerry L. Robinson is the mother of Richard A. Helfritz who is named as beneficiary under the last will and testament of his father, Werner H. Helfritz, deceased; that the defendant, Lillian C. Helfritz, is the surviving widow of the decedent, and that the defendant, Horace D. Riegle, is the duly qualified and acting executor under the will of said decedent. It then describes the various accounts, points out that the pass books for the accounts are in

the possession of Horace D. Riegle as executor, and that he has indicated a willingness to comply with any order of the court as to the disposal of the accounts. The prayer of the complaint is that the court determine the ownership and title to the various joint accounts and direct the executor to turn over the evidences of ownership of said joint accounts to the person entitled thereto or to retain the same if this be found appropriate and proper.

Answers to the complaint were filed by Horace D. Riegle, as executor under the will of Werner H. Helfritz, deceased, and the defendant, Lillian C. Helfritz. The answers admit most of the basic facts set forth in the complaint and state the willingness of the defendants to have this court assume jurisdiction of the subject matter.

Trial was had before the court upon the issues framed by the pleadings. Witnesses testifying before the court were Richard A. Helfritz, Jerry L. Robinson and Lillian A. Helfritz.

Exhibits placed in evidence with consent of all counsel consist of photostatic copies of the passbooks for the various savings accounts, photostatic copies of the signature cards and deposit contracts pertaining to the accounts, a transcript of the safety deposit box record for the safety deposit box where the decedent kept the passbooks for the savings accounts during his lifetime, copies of the decedent's income tax returns for the years of 1961 and 1962, a letter from the decedent to the plaintiff, Richard A. Helfritz, and copies of pages 419, 420, 421, 450 and 451 from book 4, part 1, of McKinney's Consolidated Laws of New York Annotated, covering banking law, §§1 to 289, and containing the provisions of §239 of the New York Banking Law applicable to joint deposits in New York savings banks.

## Findings

From the admissions contained in the pleadings and the evidence adduced, the court makes the following findings of fact —

1. Richard A. Helfritz is a minor, 20 years of age, and is the son of the decedent, Werner H. Helfritz.

2. Jerry L. Robinson is the mother of Richard A. Helfritz and was a former wife of the decedent, Werner H. Helfritz.

3. Lillian C. Helfritz is the surviving widow of the decedent, Werner H. Helfritz.

4. Horace D. Riegle is the executor under the will of Werner H. Helfritz, deceased.

5. Richard A. Helfritz is the primary beneficiary under this will and Lillian C. Helfritz, being dissatisfied with the provisions therein, has elected to take dower.

6. During his lifetime the decedent, with his own funds, opened and created five joint bank accounts. These are as follows —

a. Savings account no. 18827 at the Daytona Beach Federal Savings and Loan Association. This account was opened on January 3, 1958, in the names of W. H. Helfritz and/or Richard A. Helfritz "as joint tenants with the right of survivorship and not as tenants in common." The signature card or contract for this account, signed by both W. H. Helfritz and Richard A. Helfritz, provides that the application is being made for the account as joint tenants with right of survivorship. It further provides — "It is agreed by the signatory parties with each other and by the parties with you, that any funds placed in or added to the account by any one of the parties is and shall be conclusively intended to be a gift at that time of such funds to the other signatory party or parties to the extent of his or their prorata interest in the account." This account had a balance of $528.27 at the time of the decedent's death.

b. Savings account no. 16877 at the First Federal Savings and Loan Association of Daytona Beach. This account was opened on January 3, 1958. The first page of the passbook shows the account as being in the names of "W. H. Helfritz and Richard A. Helfritz, either or the survivor." The signature card or contract with the bank, signed by both parties, provides that the account is being opened as joint tenants with right of survivorship and not as tenants in common. It also contains the same provision as the signature card for the Daytona Beach Federal Savings and Loan Association account with respect to the intent of the parties to make a gift of any funds deposited. This account had a balance of $2,905.10 at the time of the decedent's death.

c. Savings account no. 249,992 at the Excelsior Savings Bank of New York, New York. This account was originally opened by Werner H. Helfritz in his own name on August 21, 1944. It was changed to a joint account with Richard A. Helfritz on March 3, 1952. The caption on the first page of the passbook reads — "In account with Werner H. Helfritz or Richard A. Helfritz * * * payable to either or the survivor. The signed signature card or contract, signed both by Werner H. Helfritz and Richard A. Helfritz, provides that the funds on deposit shall vest jointly in all the depositors thereof and that all monies now or at any time deposited by the depositors or either of them to the credit of the account should be deposited on the following terms —

"That the amount thereof and all dividends thereon shall be paid by the Excelsior Savings Bank to us or either of us or to the survivor of us or to the executors, administrators and assignee of such survivor to the exclusion of the representatives of the deceased depositor and that on the death of the survivor of said depositors, the account shall vest in his representatives, only, to the exclusion of all others and without reference to the original ownership of the monies deposited."

At the time of the decedent's death, this account had a balance of $16,502.55.

d. Savings account no. 10531 at the Ormond Beach Federal Savings and Loan Association. This account was opened on October 10, 1962, in the names of Werner H. Helfritz and Lillian C. Helfritz as joint tenants with right of survivorship and not as tenants in common and not as tenants by entirety. This account had a balance of $108.50 at the time of the decedent's death, which was withdrawn by Lillian C. Helfritz shortly after his death.

e. A checking account in the joint names of the decedent and his surviving widow, Lillian C. Helfritz, at the First Atlantic National Bank of Daytona Beach. Both the decedent and

Lillian C. Helfritz made active use of this account during his lifetime, and at the time of the decedent's death, this account had a balance of $1,810.81.

7. At the time of the decedent's death, all of the passbooks for the joint savings accounts with Richard A. Helfritz were in the safety deposit box of the decedent. The transcripts of the account shows that numerous deposits and withdrawals were made, apparently by the decedent.

8. In their income tax returns for the years of 1961 and 1962, the decedent and the plaintiff, Richard A. Helfritz, each reported one-half of the interest or dividends paid on the savings accounts standing in their joint names. In connection with this, the decedent on February 1, 1963, wrote a letter to Richard Helfritz referring to the accounts as "our joint savings accounts" and referring to one-half of the interest on the accounts as Richard's share.

9. With respect to all of the above mentioned joint accounts, the decedent intended the surviving joint depositor to have an immediate beneficial interest in the accounts and full rights of survivorship in the event of the decedent's demise.

10. Sub-paragraph 3. of section 239 of the New York Banking Law, which was in force in the state of New York with reference to savings bank deposits at the time of the decedent's death, provides as follows —

"3. When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof shall become the property of such persons as joint tenants, and, together with all dividends credited thereon, shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to the savings bank for all payments made on account of such deposit prior to the receipt by the savings bank of notice in writing not to pay such deposit in accordance with the terms thereof. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either the savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

11. There is no showing whatsoever of any fraud or undue influence exercised upon the decedent in connection with the above described accounts or that they were solely for the con-

venience of the decedent or that his intent was purely testamentary in character. The only fact relied upon by the defendants to negative the manifest intent of the decedent that the survivor should have the accounts, is the fact that the decedent retained the passbooks for the accounts in which his minor son, Richard A. Helfritz, was named as a co-owner.

## Conclusions of law

It appears to be accepted law that joint bank accounts are governed by the law of the place where the deposit has been made and the account is kept. Banks, 10 Am. Jur. 2nd §376; Seng v. Korns (Fla.), 58 So.2d 689. Accordingly, the disposition of the Excelsior Savings Bank of New York account is to be governed by the law of the state of New York and the disposition of the Florida accounts is to be governed by the law of the state of Florida.

Application of the New York law to the facts pertaining to the Excelsior Savings Bank account leads to the unquestionable conclusion that this account belongs to the plaintiff, Richard A. Helfritz.

With respect to the Florida accounts the law is not so clearcut and the court has felt impelled to give careful consideration to the Florida statutes and cases of pertinent bearing. These have been fully covered by the briefs filed and submitted to the court on behalf of the respective parties.

To support his claim to the savings accounts on which he is a joint depositor, the plaintiff relies upon sections 659.29 and 689.15 of the Florida Statutes; Brooker, *Survivorship in Joint Bank Accounts*, April, 1957 Florida Law Journal, page 183; Crabtree v. Garcia, 43 So.2d 466; Crawford v. McGraw, 61 So.2d 484; and Brandle's Estate, 65 So.2d 27.

The defendant, on the other hand, relies strongly upon the cases of Spark v. Canny, 88 So.2d 307; Sullivan v. Chase Federal Savings and Loan Association, 119 So.2d 78 and 127 So.2d 112; Webster v. St. Petersburg Federal Savings and Loan Association, 20 So.2d 400; and King v. King, 55 So.2d 181.

Other cases cited to the court for consideration were North Shore Bank v. Shea, 148 So.2d 60; Josephson v. Kuhner, 139 So.2d 440; and Demps v. Graham, 157 So.2d 534.

Review of the above cited authorities makes readily understandable the reluctance of the executor, Horace D. Riegle, to assume the responsibility for determining the ownership of the joint bank accounts here involved. While the cited Florida cases do not contradict or overrule each other, the suggested lines of demarcation between them cause one to pause before coming to conclusions.

It is a matter of general knowledge that joint bank accounts are in universal and widespread use throughout the state of Florida and elsewhere. They play a vital role in estate planning and the economic welfare of many families who will suffer serious harm if their status is left in such uncertain state that it must frequently be resolved by litigation. Save under exceptional circumstances, the widow and children of the deceased creator of a joint bank account established in their favor should not have to quarrel with the personal representative of the decedent to establish their rights to the deposit. This generates in great measure the very administrative cost burden against the assets which the decedent was purposely endeavoring to avoid. It is the belief of this court that when they are given their proper scope and meaning, the Florida authorities are not unmindful of these considerations and do not demonstrate a hostility towards the right of survivorship with respect to joint bank accounts.

Florida law clearly permits joint bank accounts to be established with right of survivorship. The right of the survivor seems to be and should be on a reasonably safe basis where the passbook, the signature card and the written agreement between the parties and the bank clearly and explicity disclose an immediate donative intent plus an intent to create the joint tenancy with right of survivorship. Such is the situation with reference to the joint Florida savings accounts in this case. Immediate donative motivation is also shown and found in the relationship between the parties, the correspondence from the father to son, the division of the dividends or interest from the joint bank accounts for tax purposes, and the fact that the father made known his donative desires to his son. The fact that the father necessarily retained custody of the passbooks for the common benefit of himself and his minor son does not counterbalance all of these factors or warrant the conclusion that the decedent's purpose in creating the deposits was purely "testamentary." The language of the court in Chase Federal Savings and Loan Association v. Sullivan makes it evident that there is no requirement that the passbook, itself, be delivered so long as there is a gift of an undivided interest in the funds and the surrender of an equal right to withdraw the funds plus an acceptance by the donee. In Crabtree v. Garcia, 43 So.2d 466, the court honored the right of survivorship although the deceased mother, who created the joint bank account with her daughter and provided the funds, retained control of the passbook during her lifetime.

Even the Florida cases which have ultimately found against the survivor, have announced the applicable rule as follows —

"Where a joint bank account with right of survivorship is established with funds of one person, as here, a gift of the

funds remaining in the account at the death of the creator of the joint account is presumed; but such presumption is rebuttable and may be overcome by clear and convincing evidence to the contrary." Spark v. Canny, 88 So.2d 307.

With this rule as a guide, the cases relied upon by the defendants become readily distinguishable from the factual situation presented to the court in the case *sub judice*. In Spark v. Canny, 88 So.2d 307, the evidence in the language of the court showed conclusively that the joint bank account was established solely for the convenience of the decedent's depositor and without donative intent. In Sullivan v. Chase Savings and Loan Association, 119 So.2d 78 and 127 So.2d 112, the court held the presumption of gift rebutted by the pleadings, depositions and affidavits to the effect that the sole intent of the creator of the account was to make a gift effective only on the death of the creator. In Demps v. Graham, 157 So.2d 534, Webster v. St. Petersburg Savings and Loan Association, 20 So.2d 400, and King v. King, 55 So.2d 181, there was either an evident failure to sufficiently provide for the right of survivorship to comply with the requirements of F.S. §689.15 or the personal representative met his burden of proving lack of donative intent. Josephson v. Kuhner, 139 So.2d 440, was an obvious case of lack of donative intent accompanied by apparent fraud and over-reaching by one standing in a confidential relationship.

North Shore Bank v. Shea, 148 So.2d 60 (2nd District 1963), reviews most of the cases relied upon by the defendants. This review makes it clear that the cited cases do not demand the holding for the personal representative as a matter of law, but simply require that on a trial of the cause, he be given an opportunity to carry his burden or proving lack of donative intent by clear and convincing evidence.

In this case, the defendants have failed to carry their burden of proof. Further, the evidence shows clearly that the decedent intended a gift and the creation of a joint bank account with right of survivorship.

Accordingly, on the basis of the foregoing findings of fact and conclusions of law, it is hereby ordered, adjudged and decreed as follows —

1. That the plaintiff, Richard A. Helfritz, is the sole owner of savings account no. 18827 at the Daytona Beach Federal Savings and Loan Association of Daytona Beach, savings account no. 16877 at the First Federal Savings and Loan Association of Daytona Beach, and savings account no. 249992 at the Excelsior Savings Bank of New York, New York, and is entitled to the passbooks for said accounts, and to all funds therein, including accrued interest or dividends.

116

2. That Lillian C. Helfritz is the sole owner of the joint checking account at the First Atlantic National Bank of Daytona Beach, and savings account no. 10531 at the Ormond Beach Federal Savings and Loan Association and entitled to the passbook for such accounts, and to all funds therein including accrued interest or dividends.

3. That Horace D. Riegle, as executor under the will of Werner H. Helfritz, deceased, be and he is hereby directed and authorized to deliver the passbooks for the accounts belonging to Richard A. Helfritz to the plaintiff or his attorneys of record and thereupon be relieved of further responsibility with respect to such accounts.

4. That none of the foregoing accounts are to be included in the probate assets of the estate of Werner H. Helfritz, deceased.

5. That the court retains jurisdiction of this cause for the purpose of assessing costs and for such other and further relief as may be just or equitable.