PER CURIAM.
Francis Gumpman, a resident of Dade County, died intestate on January 27, 1963. His estate was probated and an order of *70 discharge was entered by the county judge on October 14, 1963. Thereafter, the children, heirs at law and next of kin of the decedent, brought a suit in equity against the widow Irma Gumpman, individually and as administratrix, seeking to divest her of monies which she had withdrawn from two bank accounts prior to the death of the decedent and to have said funds declared to be the property of his estate and to belong to the plaintiffs as his heirs. The defendant answered, averring her marriage to decedent and that the money was in joint accounts and properly withdrawn therefrom by her.
At trial, as a basis for their argument that defendant should be declared to hold the monies in trust for the husband or his estate, the plaintiffs attempted to show by medical testimony that the decedent was incompetent at the time the monies were withdrawn. The chancellor denied plaintiffs’ motion to amend their complaint to conform to the proof and rejected this testimony as immaterial.
A final decree of dismissal was entered in favor of defendant. On this appeal by the plaintiffs, three points were advanced. First, that the court committed error in refusing to permit the amendment referred to above, second, that it was error to strike the testimony relating to incompetency, and third, that the plaintiffs as heirs of the decedent were entitled to the monies withdrawn by the defendant.
The essential facts are undisputed. Two accounts are involved, one in a bank and one in a savings and loan association. The circumstances surrounding the creation of the accounts are shown by the testimony of the employees of the institutions. They were established on November 6, 1957, shortly after the marriage of Irma and Francis Gumpman. Francis Gumpman made it clear at the outset that he understood either party would be entitled to withdraw the money and that he wanted it to belong to the defendant. The bank cards provided for withdrawal by either of the parties. On January 2, 1963, the accounts showed a balance of $6,924.60 and $6,974.48. On this date, while Francis Gumpman was in the hospital, Irma Gumpman withdrew the balances, closed the accounts and deposited the funds in her personal accounts. Several weeks thereafter, Francis Gumpman died. The chancellor’s decree holding, in effect, that the wife, was entitled to withdraw the money from the joint accounts comes here clothed with a presumption of correctness. However, in deciding this appeal, we do not need to summon that presumption to our aid as a basis for affirmance. This is so because it is shown that the accounts were created as joint accounts, sufficient to establish an inter vivos gift by donative intent for transfer of a present interest, delivery of the right of full withdrawal, and acceptance by the donee. See Hagerty v. Hagerty, Fla.1951, 52 So.2d 432; Chase Federal Savings and Loan Ass’n v. Sullivan, Fla.1960, 127 So.2d 112; Kuebler v. Kuebler, Fla.App.1961, 131 So.2d 211.
The chancellor was not in error in ruling that evidence as to possible incompetency of the decedent at the time the funds were changed by the wife from the joint accounts to her personal accounts was immaterial. The establishment of a joint account with the parties having individual dominion thereof and the right to withdraw the funds gave the wife the right and authority to make the withdrawals. Such action by her did not deprive the husband of those funds. It appears that she made provision to apply them to his needs during the remainder of his life. Had she left the monies in the joint accounts they would have passed to her by *71 right of survivorship, at his death which occurred a short time later; and at the outset he had stated his intention that the money should belong to her. Under the circumstances of this case, we are not inclined to follow the contrary holding of a New Jersey court in Steinmetz v. Steinmetz, 130 N.J.Eq. 176, 21 A.2d 743, relied on by the appellees.
No reversible error having been made to appear, the final decree appealed from should be and hereby is affirmed.
Affirmed.