177 So.2d 865 (1965)
Arthur G. WILLIAMS, Appellant,
v.
Louise WILLIAMS, Appellee.
No. 65-75.
District Court of Appeal of Florida. Third District.
August 10, 1965.
Rehearing Denied September 9, 1965.
*866 L.J. Cushman, Miami, for appellant.
Mitchell M. Goldman, Miami, Robertson, McLeod & Maloy, Coral Gables, for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
By this appeal, the appellant-husband [defendant in the trial court], seeks review of a final decree of divorce rendered in favor of the appellee-wife dissolving a marriage of 38 years' duration. He has preserved four points for review: (1) The equal division of the property held by the parties jointly and that held by the husband individually. (2) An award of $100.00 a week as alimony. (3) Alleged failure of the chancellor to take into account a withdrawal of $3,200.00 by the wife from the joint account in adjusting the equities between the parties. (4) The award of attorney's fees. The wife has cross-assigned as error that portion of the final decree wherein the chancellor held her equally responsible for a debt incurred by the husband during the progress of the litigation. We do not find any of the points urged as *867 error to be well taken, and affirm the final decree.
The mere fact that a wife has been a dutiful wife is not grounds for awarding her a special equity in her husband's estate. See: Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6; Roberts v. Roberts. Fla. 380, 35 So.2d 6; Roberts v. Roberts, Divorce, § 209. However, the instant case supports an award to the wife of an interest in her husband's property on one or both of two theories: (1) That the properties were acquired from funds received in the sale of a home residence which was originally in the name of both parties. (2) As a special equity, because the husband had his office at home and it was undisputed that the wife assisted him in his business endeavors and was, in fact, his "right arm". The evidence before the chancellor was not of the greatest magnitude on these issues, but was sufficient to support his finding and division of the assets. Giving such evidence as there was all reasonable inference, which we are required to do in examining a record on appeal [see: Jurney v. Jurney, Fla.App. 1959, 110 So.2d 49; Bordacs v. Kimmel, Fla.App. 1962, 139 So.2d 506], we find no error in this regard. It was certainly no error to divide the property which was held in their joint names.
As to the alimony, clearly the wife had a need of at least $100.00 a week and the husband had the ability to pay, his average earnings over the past several years being in excess of $14,000.00 a year. See: Platt v. Platt, Fla.App. 1958, 103 So.2d 253; Arrington v. Arrington, Fla.App. 1963, 150 So.2d 473. Furthermore, it appears that the husband conceded [in the record] that the wife needed at least $100.00 a week in the form of alimony.
As to the contention that the chancellor did not take into account the withdrawal of the money from the joint fund by the wife, it does not appear that this alleged error was specifically called to the attention of the chancellor. Not only does the creation of a joint bank account by a husband with his wife create a presumption of a gift,[1] but [from the record] it is certainly reasonable to assume that he did take this matter into account because he held her equally responsible for a $6,000.00 loan made by the husband during the progress of the cause. This is the same loan which the wife has assigned as error, in requiring her to share equally in the payment of said loan. The wife has also contended that there is no fixed time for the payment of this obligation which will, upon its satisfaction, release certain stock to her. It occurs that without any express conditions to the contrary, the final decree means what it says and the loan should be satisfied within the time fixed for payment by its terms when the final decree was entered.
It is not the function of an appellate court to substitute its judgment for that of a chancellor in the awarding of attorney's fees. There was evidence in the record to support the award given. The husband failed to tender any evidence as to the reasonableness of the fees. The award of fees being supported in the record by sufficient evidence, it will be approved. See: Ginsberg v. Ginsberg, Fla. App. 1961, 127 So.2d 137; Raynes v. Raynes, Fla.App. 1961, 128 So.2d 417.
Therefore, for the reasons stated above, the final decree here under review is hereby affirmed.
Affirmed.
NOTES
[1] See: Hagerty v. Hagerty, Fla. 1951, 52 So.2d 432; Wilburn v. Wilburn, Fla.App. 1962, 143 So.2d 518.