PER CURIAM.
By petition for delinquency, D.S.H., a juvenile, was charged with petit larcency, in violation of § 811.021, Fla.Stat. A non-jury hearing was held, and D.S.H. was found to have committed the delinquent act described in the petition. Adjudication of delinquency was withheld and the juvenile was placed on probation in the custody of his parents under the supervision of the Division of Youth Services.
The sole point presented on appeal is that the evidence was insufficient to support a finding of delinquency.
A judgment of conviction comes to the appellate court with a presumption of correctness; a claim of insufficiency of the evidence will not prevail where examination of the record reveals that there was substantial competent evidence to support the verdict and judgment, with due regard given to the quantum of proof required in such a case; and in so considering the evidence the appellate court is entitled to accept, in favor of the judgment, inferences reasonably to be drawn from the evidence which support the charge. Crum v. State, *293 Fla.App.1965, 172 So.2d 24, 25. Conflicts in evidence and that it may have been susceptible of differing inferences and presented to the trier of facts with questions as to credibility of witnesses and weight to be given to testimony and other evidence presented, will not establish insufficiency of the evidence to sustain a judgment of conviction when the record discloses there was competent substantial evidence sufficient in law for its support. Wetherinqton v. State, Fla.App. 1972, 263 So.2d 294.
We have examined the record and we find that the judgment is supported by competent substantial evidence.
Affirmed.