355 So.2d 465 (1978)
Joseph P. HINKLE, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-1110 and 76-1111.
District Court of Appeal of Florida, Third District.
February 21, 1978.
*466 Eugene P. Spellman, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is a criminal prosecution for nine counts of grand larceny before the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant was convicted as charged and appeals.
The controlling issue presented by this appeal is whether the co-owner of a joint bank account can be held guilty of larceny for the withdrawal of funds contained in the joint account. We hold that such a co-owner cannot be so held criminally responsible for larceny and reverse.
The critical facts in this case are undisputed. On July 28, 1972, and subsequent thereto, Gladys B. Casper and the defendant held as joint tenants two certificates of deposit at the Dade Federal Savings & Loan Association and one certificate of deposit at the Financial Federal Savings & Loan Association in Dade County, Florida. The joint tenancy in these certificates is reflected by three written documents signed by Gladys B. Casper and the defendant, all three of which provided in part as follows:
"Gladys B. Casper and Joseph P. Hinkle as joint tenants with right of survivorship ..., the undersigned hereby apply for savings account in the [Dade] [Financial] Federal Savings and Loan Association ... and for issuance of evidence thereof in their joint names described as aforesaid. * * * It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties are and shall be conclusively intended to be a gift at that time of such funds to the other signatory party or parties to the extent of his or their pro-rata interest in the account."
The money contained in the certificates was contributed solely by Gladys B. Casper. Such joint bank certificates or accounts represent one of the most common types of joint tenancies in personal property. 2 American Law of Property 16 (1952).
Subsequent to the creation of the joint tenancy in the savings certificates, the defendant made nine withdrawals therefrom over a period of approximately seven months from September 1972, to April 1973. The principals, who were romantically involved, thereafter had an apparent falling out in which Gladys B. Casper claimed that she never intended the defendant to make withdrawals from the above savings certificates during her lifetime, that she intended the said certificates to be a testamentary disposition to the defendant for later distribution to her children, and that she so informed the defendant of her intent prior to such withdrawals. She thereupon consulted counsel and accused the defendant of larceny of the joint certificate funds which led to the defendant's arrest and prosecution herein.
*467 On March 6, 1974, the defendant was charged by information filed before the Circuit Court for the Eleventh Judicial Circuit of Florida with nine counts of grand larceny based on the nine savings account withdrawals. The defendant entered a plea of not guilty and at trial moved for a judgment of acquittal at the close of all the evidence in the case. The trial court denied the motion. The defendant was thereupon convicted as charged and sentenced to a total of seven years in the state penitentiary. This appeal follows.
It is the established law of this state that a co-owner of property cannot be held guilty of larceny of said property. This is true because the co-owner is in lawful possession of the joint property and cannot be guilty of (1) taking the property (2) of another, two of the essential elements of larceny. The only exception to his rule is in the very unique situation where an owner takes his own goods from one who has a special property right in them and a legal right to withhold them from the owner. As a general rule, however, one cannot steal his own goods. In particular, a co-owner of a joint bank account cannot be guilty of larceny of funds held in the joint account. Addison v. State, 95 Fla. 737, 116 So. 629 (1928); Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1966). See: Perkins on Criminal Law 244 (2d ed. 1969); Wharton's Criminal Law and Procedure 499 (Anderson ed. 1957); 2 W. Burdick, Law of Crime 283 (1946); 1 F. Inbau, J. Thompson & C. Soule, Cases and Comments on Criminal Justice 564 (1968); Annot., 17 A.L.R.3d 1394 (1968).
The state contends that the defendant was never a co-owner in the joint bank certificates because Gladys B. Casper never intended to make a gift of the money therein to the defendant. This is conclusively refuted by the written agreement she signed with the defendant making the defendant a joint tenant in the savings certificates. For criminal liability purposes, she had no special property right in these certificates superior to the defendant and possessed no legal right to withhold the monies therein from him. See Annot., 58 A.L.R. 330 (1929).
We express no opinion as to the civil consequences which may arise from these joint savings certificates and the subsequent withdrawals therefrom as they relate to Gladys B. Casper and the defendant or their respective estates because such issues are not before us. We deal solely with the criminal liability of the defendant for larceny based upon his withdrawals from the joint savings certificates herein. For that reason, cases concerning the civil consequences attendant upon the creation of joint bank accounts, including whether such accounts constitute invalid testamentary dispositions, are inapplicable to this case.[1] The trial court erroneously based part of its instructions to the jury on such cases and both parties have mistakenly relied on such authorities before this court. For similar reasons, the parol evidence rule applicable in civil actions involving a contract or other written instrument and relied on by the defendant herein is equally inapplicable to this case as the state has accurately observed in its brief. See Wise v. Quina, 174 So.2d 590 (Fla. 1st DCA 1965).
In view of our disposition of this case, it is unnecessary to consider the other point raised by the appellant on this appeal. The larceny convictions herein are reversed for failure of the trial court to enter a judgment of acquittal upon motion of the defendant at the conclusion of all the evidence at trial. The cause is remanded to the trial court with directions to discharge the defendant.
Reversed and defendant discharged.
*468 KEHOE, Judge (dissenting).
The underlying theory of appellant's defense in the trial court was that by the creation of the certificates of deposit he became a co-owner with the alleged victim of the funds which he withdrew and, as such, could not be guilty of larceny. Appellant correctly argues that, if he were a co-owner of the funds, generally, he could not be found guilty of larceny. See Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1966); Annot., 17 A.L.R.3d 1394 (1968); and Section 811.021, Florida Statutes (1971). At the close of the case, the jury was instructed, inter alia, as follows:
"The Court further instructs you a joint owner or co-owner of personal property cannot be held guilty of larceny by taking or appropriating to his own use the whole or any part of the joint property, however fraudulent or felonious in fact may be his intent. So, if you find from the evidence in this case the Defendant Hinkle [appellant herein] was a joint owner or co-owner in the savings certificates or savings account from which money was taken, such could not be larceny and you must find the defendant not guilty.
"The Court further charges you that once a joint bank account with right of survivorship is established with the funds of one person, a gift of funds is presumed. This presumption of a gift in creating a joint bank account is rebuttable but it must be overcome by clear and convincing evidence. I instruct you, therefore, by virtue of a joint bank account with right of survivorship being established in this case, that you must presume that a gift occurred and that such presumption continues until such time such presumption is overcome by clear and convincing evidence that such a gift was not intended; and that if you do not find from clear and convincing evidence that such presumption is overcome, you must find that a gift did occur and that the defendant is therefore not guilty of the crime as charged.
"For the purpose of this case, an agreement between the bank and the depositors is not conclusive as between the depositors. The jury will consider all evidence as to their intention and, notwithstanding the form of the deposit, a joint tenancy is not created where the account was made joint purely for convenience and without the intent to create any property interest."
For the purpose of determining ownership upon which to negate or predicate criminal liability, I believe that these instructions contain a correct statement of the law in Florida.[1] See, e.g., Spark v. Canny, 88 So.2d 307 (Fla. 1956); Maier v. Bean, 189 So.2d 380 (Fla. 2d DCA 1966); Williams v. Williams, 177 So.2d 865 (Fla. 3d DCA 1965); McGillen v. Gumpman, 171 So.2d 69 (Fla. 3d DCA 1965); Demps v. Graham, 157 So.2d 534 (Fla. 1st DCA 1963); North Shore Bank v. Shea, 148 So.2d 60 (Fla. 2d DCA 1963); Josephson v. Kuhner, 139 So.2d 440 (Fla. 1st DCA 1962); Durden v. Durden, 137 So.2d 29 (Fla. 2d DCA 1962); Sullivan v. Chase Federal Savings and Loan Ass'n, 119 So.2d 78 (Fla. 3d DCA 1960); Helfritz v. Riegle, 24 Fla. Supp. 95 (Cir.Ct. 1965); and 41 Fla. Bar J. 246 (1967).
Subsequently, the jury returned its verdict of guilty against appellant for nine counts of grand larceny. This verdict necessarily implied that the jury, pursuant to the instructions it received, must have found, by clear and convincing evidence, that the presumption of a gift of the funds to appellant was rebutted and that no joint tenancy of the funds was created between appellant and the alleged victim when the certificates of deposit were created. Once a jury has made such a factual determination, it is our function to review the record for the purpose of determining if it contains substantial competent evidence which, if believed, will support such a finding. In performing this function we must assume that the jury believed the credible testimony and evidence most damaging to appellant *469 and drew from the facts established those reasonable conclusions most unfavorable to him. See, e.g., Heineman v. State, 327 So.2d 898 (Fla. 3d DCA 1976); Starling v. State, 263 So.2d 645 (Fla. 3d DCA 1972); Dreger v. State, 228 So.2d 431 (Fla. 3d DCA 1969); and Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). See generally 2 Fla. Jur., Appeals §§ 308, 322, 340-45 (1963). I am of the opinion that, in the instant case, the record reflects substantial competent evidence from which the jury could have found that the certificates of deposit were established purely for the convenience of the alleged victim without the intent to create any property interest in appellant. Therefore, because appellant never acquired any ownership interest in the funds which he withdrew, he could properly be found guilty of larceny of the funds.[2] See, e.g., Spark v. Canny, 88 So.2d 307 (Fla. 1956); Maier v. Bean, 189 So.2d 380 (Fla. 2d DCA 1966); Williams v. Williams, 177 So.2d 865 (Fla. 3d DCA 1965); McGillen v. Gumpman, 171 So.2d 69 (Fla. 3d DCA 1965); Demps v. Graham, 157 So.2d 534 (Fla. 1st DCA 1963); Josephson v. Kuhner, 139 So.2d 440 (Fla. 1st DCA 1962); and Sullivan v. Chase Federal Savings and Loan Ass'n, 119 So.2d 78 (Fla. 3d DCA 1960).
Appellant also contends on appeal that the trial court erred by allowed parol evidence to be admitted in regard to the question of the joint tenancy because such evidence would vary the unambiguous terms of the documents creating the certificates of deposit. As set forth in the jury instructions above, the agreements entered into between the savings and loan associations and appellant and the alleged victim were not conclusive as between appellant and the alleged victim. Under these circumstances, I believe that parol evidence was properly admissible to show whether a joint tenancy was created between appellant and the alleged victim, notwithstanding the form of the agreements between them and the savings and loan associations. See Murray v. Gadsden, 91 U.S.App.D.C. 38, 197 F.2d 194 (1952); Spark v. Canny, 88 So.2d 307 (Fla. 1956); D.S.H. v. State, 323 So.2d 292 (Fla. DCA 1975); 10 Am.Jur.2d Banks § 389 (1963); 48 C.J.S. Joint Tenancy § 3 (1947); and Annot., 33 A.L.R.2d 569 (1954).
Additionally, appellant contends that certain statements made by the prosecutor in his closing argument constituted a comment on the failure of appellant to take the stand in his own behalf. In my opinion, the statements complained of in the instant case, taken in their full context and in the light of the surrounding circumstances, did not constitute such a comment. See Johnsen v. State, 332 So.2d 69 (Fla. 1976); State v. Jones, 204 So.2d 515 (Fla. 1967); Woodside v. State, 206 So.2d 426 (Fla. 3d DCA 1968); and Parks v. State, 206 So.2d 431 (Fla. 3d DCA 1968).
Based on the authorities and the reasons set forth above, I have concluded that there was substantial competent evidence to support the jury verdict and that the prosecutor's statements made during his closing argument did not constitute a comment on the failure of appellant to take the stand in his own behalf. Accordingly, the judgment and sentence appealed should be affirmed.
NOTES
[1] See: Chase Federal Savings & Loan Ass'n v. Sullivan, 127 So.2d 112 (Fla. 1960); Spark v. Canny, 88 So.2d 307 (Fla. 1956); North Shore Bank v. Shea, 148 So.2d 60 (Fla. 2d DCA 1963); Maier v. Bean, 189 So.2d 380 (Fla. 2d DCA 1966); Williams v. Williams, 177 So.2d 865 (Fla. 3d DCA 1965); McGillen v. Gumpman, 171 So.2d 69 (Fla. 3d DCA 1965); Demps v. Graham, 157 So.2d 534 (Fla. 1st DCA 1963); Josephson v. Kuhner, 139 So.2d 440 (Fla. 1st DCA 1962); Durden v. Durden, 137 So.2d 29 (Fla. 2d DCA 1962).
[1] Although not cited by appellant or appellee, I note § 665.271, Fla. Stat. (Supp. 1977) and find it inapplicable to the facts of instant appeal. Compare § 659.291 Fla. Stat. (Supp. 1977).
[2] The instant case should be distinguished from Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1966); Annot., 17 A.L.R.3d 1394 (1968). In Escobar, the defendant was a co-owner of a joint bank account and, absent a special property interest therein of another co-owner superior to that of the defendant, could not be held guilty of larceny for withdrawing the funds in the joint account. In the instant case, the jury determined that the defendant never became a co-owner of the funds represented by the certificates of deposit. Therefore, because the jury must have necessarily determined that the alleged victim had a superior possessory interest in the funds, the defendant could properly be found guilty of larceny. See § 811.021, Fla. Stat. (1971).