HUBBART, Judge.
This is a criminal prosecution for nine counts of grand larceny before the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant was convicted as charged and appeals.
The controlling issue presented by this appeal is whether the co-owner of a joint bank account can be held guilty of larceny for the withdrawal of funds contained in the joint account. We hold that such a co-owner cannot be so held criminally responsible for larceny and reverse.
The critical facts in this case are undisputed. On July 28, 1972, and subsequent thereto, Gladys B. Casper and the defendant held as joint tenants two certificates of deposit at the Dade Federal Savings & Loan Association and one certificate of deposit at the Financial Federal Savings & Loan Association in Dade County, Florida. The joint tenancy in these certificates is reflected by three written documents signed by Gladys B. Casper and the defendant, all three of which provided in part as follows:
“Gladys B. Casper and Joseph P. Hinkle as joint tenants with right of survivorship . , the undersigned hereby apply for savings account in the [Dade] [Financial] Federal Savings and Loan Association . . . and for issuance of evidence thereof in their joint names described as aforesaid. * * * It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties are and shall be conclusively intended to be a gift at that time of such funds to the other signatory party or parties to the extent of his or their pro-rata interest in the account.”
The money contained in the certificates was contributed solely by Gladys B. Casper. Such joint bank certificates or accounts represent one of the most common types of joint tenancies in personal property. 2 American Law of Property 16 (1952).
Subsequent to the creation of the joint tenancy in the savings certificates, the defendant made nine withdrawals therefrom over a period of approximately seven months from September 1972, to April 1973. The principals, who were romantically involved, thereafter had an apparent falling out in which Gladys B. Casper claimed that she never intended the defendant to make withdrawals from the above savings certificates during her lifetime, that she intended the said certificates to be a testamentary disposition to the defendant for later distribution to her children, and that she so informed the defendant of her intent prior to such withdrawals. She thereupon consulted counsel and accused the defendant of larceny of the joint certificate funds which led to the defendant’s arrest and prosecution herein.
*467 On March 6, 1974, the defendant was charged by information filed before the Circuit Court for the Eleventh Judicial Circuit of Florida with nine counts of grand larceny based on the nine savings account withdrawals. The defendant entered a plea of not guilty and at trial moved for a judgment of acquittal at the close of all the evidence in the case. The trial court denied the motion. The defendant was thereupon convicted as charged and sentenced to a total of seven years in the state penitentiary. This appeal follows.
It is the established law of this state that a co-owner of property cannot be held guilty of larceny of said property. This is true because the co-owner is in lawful possession of the joint property and cannot be guilty of (1) taking the property (2)of another, two of the essential elements of larceny. The only exception to his rule is in the very unique situation where an owner takes his own goods from one who has a special property right in them and a legal right to withhold them from the owner. As a general rule, however, one cannot steal his own goods. In particular, a co-owner of a joint bank account cannot be guilty of larceny of funds held in the joint account. Addison v. State, 95 Fla. 737, 116 So. 629 (1928); Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1966). See: Perkins on Criminal Law 244 (2d ed. 1969); Wharton’s Criminal Law and Procedure 499 (Anderson ed. 1957); 2 W. Burdick, Law of Crime 283 (1946); 1 F. Inbau, J. Thompson & C. Soule, Cases and Comments on Criminal Justice 564 (1968); Annot., 17 A.L.R.3d 1394 (1968).
The state contends that the defendant was never a co-owner in the joint bank certificates because Gladys B. Casper never intended to make a gift of the money therein to the defendant. This is conclusively refuted by the written agreement she signed with the defendant making the defendant a joint tenant in the savings certificates. For criminal liability purposes, she had no special property right in these certificates superior to the defendant and possessed no legal right to withhold the monies therein from him. See Annot., 58 A.L.R. 330 (1929).
We express no opinion as to the civil consequences which may arise from these joint savings certificates and the subsequent withdrawals therefrom as they relate to Gladys B. Casper and the defendant or their respective estates because such issues are not before us. We deal solely with the criminal liability of the defendant for larceny based upon his withdrawals from the joint savings certificates herein. For that reason, cases concerning the civil consequences attendant upon the creation of joint bank accounts, including whether such accounts constitute invalid testamentary dispositions, are inapplicable to this case.[1] The trial court erroneously based part of its instructions to the jury on such cases and both parties have mistakenly relied on such authorities before this court. For similar reasons, the parol evidence rule applicable in civil actions involving a contract or other written instrument and relied on by the defendant herein is equally inapplicable to this case as the state has accurately observed in its brief. See Wise v. Quina, 174 So.2d 590 (Fla. 1st DCA 1965).
In view of our disposition of this case, it is unnecessary to consider the other point raised by the appellant on this appeal. The larceny convictions herein are reversed for failure of the trial court to enter a judgment of acquittal upon motion of the defendant at the conclusion of all the evidence at trial. The cause is remanded to the trial court with directions to discharge the defendant.
Reversed and defendant discharged.

. See: Chase Federal Savings & Loan Ass’n v. Sullivan, 127 So.2d 112 (Fla.1960); Spark v. Canny, 88 So.2d 307 (Fla.1956); North Shore Bank v. Shea, 148 So.2d 60 (Fla. 2d DCA 1963); Maier v. Bean, 189 So.2d 380 (Fla. 2d DCA 1966); Williams v. Williams, 177 So.2d 865 (Fla. 3d DCA 1965); McGillen v. Gumpman, 171 So.2d 69 (Fla. 3d DCA 1965); Demps v. Graham, 157 So.2d 534 (Fla. 1st DCA 1963); Josephson v. Kuhner, 139 So.2d 440 (Fla. 1st DCA 1962); Durden v. Durden, 137 So.2d 29 (Fla. 2d DCA 1962).