KEHOE, Judge
(dissenting).
The underlying' theory of appellant’s defense in the trial court was that by the creation of the certificates of deposit he became a co-owner with the alleged victim of the funds which he withdrew and, as such, could not be guilty of larceny. Appellant correctly argues that, if he were a co-owner of the funds, generally, he could not be found guilty of larceny. See Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1966); Annot., 17 A.L.R.3d 1394 (1968); and Section 811.021, Florida Statutes (1971). At the close of the case, the jury was instructed, inter alia, as follows:
“The Court further instructs you a joint owner or co-owner of personal property cannot be held guilty of larceny by taking or appropriating to his own use the whole or any part of the joint property, however fraudulent or felonious in fact may be his intent. So, if you find from the evidence in this case the Defendant Hinkle [appellant herein] was a joint owner or co-owner in the savings certificates or savings account from which money was taken, such could not be larceny and you must find the defendant not guilty.
“The Court further charges you that once a joint bank account with right of survivorship is established with the funds of one person, a gift of funds is presumed. This presumption of a gift in creating a joint bank account is rebut-table but it must be overcome by clear and convincing evidence. I instruct you, therefore, by virtue of a joint bank account with right of survivorship being established in this case, that you must presume that a gift occurred and that such presumption continues until such time such presumption is overcome by clear and convincing evidence that such a gift was not intended; and that if you do not find from clear and convincing evidence that such presumption is overcome, you must find that a gift did occur and that the defendant is therefore not guilty of the crime as charged.
“For the purpose of this case, an agreement between the bank and the depositors is not conclusive as between the depositors. The jury will consider all evidence as to their intention and, notwithstanding the form of the deposit, a joint tenancy is not created where the account was made joint purely for convenience and without the intent to create any property interest.”
For the purpose of determining ownership upon which to negate or predicate criminal liability, I believe that these instructions contain a correct statement of the law in Florida.[1] See, e. g., Spark v. Canny, 88 So.2d 307 (Fla.1956); Maier v. Bean, 189 So.2d 380 (Fla. 2d DCA 1966); Williams v. Williams, 177 So.2d 865 (Fla. 3d DCA 1965); McGillen v. Gumpman, 171 So.2d 69 (Fla. 3d DCA 1965); Demps v. Graham, 157 So.2d 534 (Fla. 1st DCA 1963); North Shore Bank v. Shea, 148 So.2d 60 (Fla. 2d DCA 1963); Josephson v. Kuhner, 139 So.2d 440 (Fla. 1st DCA 1962); Durden v. Durden, 137 So.2d 29 (Fla. 2d DCA 1962); Sullivan v. Chase Federal Savings and Loan Ass’n, 119 So.2d 78 (Fla. 3d DCA 1960); Helfritz v. Riegle, 24 Fla.Supp. 95 (Cir.Ct.1965); and 41 Fla. Bar J. 246 (1967).
Subsequently, the jury returned its verdict of guilty against appellant for nine counts of grand larceny. This verdict necessarily implied that the jury, pursuant to the instructions it received, must have found, by clear and convincing evidence, that the presumption of a gift of the funds to appellant was rebutted and that no joint tenancy of the funds was created between appellant and the alleged victim when the certificates of deposit were created. Once a jury has made such a factual determination, it is our function to review the record for the purpose of determining if it contains substantial competent evidence which, if believed, will support such a finding. In performing this function we must assume that the jury believed the credible testimony and evidence most damaging to appel *469 lant and drew from the facts established those reasonable conclusions most unfavorable to him. See, e. g., Heineman v. State, 327 So.2d 898 (Fla. 3d DCA 1976); Starling v. State, 263 So.2d 645 (Fla. 3d DCA 1972); Dreger v. State, 228 So.2d 431 (Fla. 3d DCA 1969); and Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). See generally 2 Fla. Jur., Appeals §§ 308, 322, 340-15 (1963). I am of the opinion that, in the instant case, the record reflects substantial competent evidence from which the jury could have found that the certificates of deposit were established purely for the convenience of the alleged victim without the intent to create any property interest in appellant. Therefore, because appellant never acquired any ownership interest in the funds which he withdrew, he could properly be found guilty of larceny of the funds.[2] See, e. g., Spark v. Canny, 88 So.2d 307 (Fla.1956); Maier v. Bean, 189 So.2d 380 (Fla. 2d DCA 1966); Williams v. Williams, 177 So.2d 865 (Fla. 3d DCA 1965); McGillen v. Gumpman, 171 So.2d 69 (Fla. 3d DCA 1965); Demps v. Graham, 157 So.2d 534 (Fla. 1st DCA 1963); Josephson v. Kuhner, 139 So.2d 440 (Fla. 1st DCA 1962); and Sullivan v. Chase Federal Savings and Loan Ass’n, 119 So.2d 78 (Fla. 3d DCA 1960).
Appellant also contends on appeal that the trial court erred by allowed parol evidence to be admitted in regard to the question of the joint tenancy because such evidence would vary the unambiguous terms of the documents creating the certificates of deposit. As set forth in the jury instructions above, the agreements entered into between the savings and loan associations and appellant and the alleged victim were not conclusive as between appellant and the alleged victim. Under these circumstances, I believe that parol evidence was properly admissible to show whether a joint tenancy was created between appellant and the alleged victim, notwithstanding the form of the agreements between them and the savings and loan associations. See Murray v. Gadsden, 91 U.S.App.D.C. 38, 197 F.2d 194 (1952); Spark v. Canny, 88 So.2d 307 (Fla.1956); D. S. H. v. State, 323 So.2d 292 (Fla. DCA 1975); 10 Am.Jur.2d Banks § 389 (1963); 48 C.J.S. Joint Tenancy § 3 (1947); and Annot., 33 A.L.R.2d 569 (1954).
Additionally, appellant contends that certain statements made by the prosecutor in his closing argument constituted a comment on the failure of appellant to take the stand in his own behalf. In my opinion, the state- • ments complained of in the instant case, taken in their full context and in the light of the surrounding circumstances, did not constitute such a comment. See Johnsen v. State, 332 So.2d 69 (Fla.1976); State v. Jones, 204 So.2d 515 (Fla.1967); Woodside v. State, 206 So.2d 426 (Fla. 3d DCA 1968); and Parks v. State, 206 So.2d 431 (Fla. 3d DCA 1968).
Based on the authorities and the reasons set forth above, I have concluded that there was substantial competent evidence to support the jury verdict and that the prosecutor’s statements made during his closing argument did not constitute a comment on the failure of appellant to take the stand in his own behalf. Accordingly, the judgment and sentence appealed should be affirmed.

. Although not cited by appellant or appellee, I note § 665.271, Fla.Stat. (Supp.1977) and find it inapplicable to the facts of instant appeal. Compare § 659.291 Fla.Stat. (Supp.1977).

. The Instant case should be distinguished from Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1966); Annot., 17 A.L.R.3d 1394 (1968). In Escobar, the defendant was a co-owner of a joint bank account and, absent a special property interest therein of another co-owner superior to that of the defendant, could not be held guilty of larceny for withdrawing the funds in the joint account. In the instant case, the jury determined that the defendant never became a co-owner of the funds represented by the certificates of deposit. Therefore, because the jury must have necessarily determined that the alleged victim had a superior possessory interest in the funds,- the defendant could properly be found guilty of larceny. See § 811.021, Fla. Stat. (1971).