**AZZIE JONES v. WILLIE FERGUSON, as Executor under the Last Will and Testament of Lutisher Jones.**

7 So. (2nd) 464                   En Banc
March 31, 1942        Rehearing Denied May 2, 1942

Jordan, Lazonby & Dell, and Ivan E. Odle, for appellant.

Adkins & Arnow, for appellee.

THOMAS, J.:

A bank filed a bill of interpleader against the appellant and appellee to determine which of them was entitled to funds deposited by one Lutisher Jones,

now deceased, who was the wife of Azzie Jones, appellant, and the mother of Willie Ferguson, appellee.

It was the decree of the chancellor that the moneys belonged to Willie Ferguson as executor of the estate of Lutisher Jones.

Facts are that Azzie Jones, who had been living in Alachua with his wife, Lutisher, decided to go into a neighboring county to work. Because his duties required him to remain away from home for long periods with infrequent opportunity to return, he opened a bank account in his wife's name in which was deposited from time to time money sent to her by him to be used in providing for her and to pay for the upkeep of a farm on which their home was located. After the account had been in existence for a considerable length of time an arrangement was made so that either the husband or the wife could withdraw funds. No deposits were made thereafter and about six years later the wife died, leaving a will bequeathing to her son all moneys "belonging to me on deposit" in the bank. The question is whether the moneys sent by Azzie Jones to his wife from time to time and deposited by her were gifts subject to disposition by her will, or were the property of her husband.

We do not find in these circumstances two essential elements of gifts inter vivos, namely the intention of the donor to relinquish dominion over the subject and delivery of it to the donee. There was a responsibility on the part of the husband to support his wife and obviously creation of the account in the bank was the means adopted by him to accomplish that purpose. It is equally plain that he was making provision for the maintenance of the property which he owned and

she occupied.  By this method he could effectively meet the obligation to his spouse and, with her help, protect his property.  This practical arrangement between a man and his wife falls far short of establishing any intention on his part of making an outright gift but, on the contrary, is indicative of a joint effort to prevent any loss or inconvenience that might result from the absence of the husband.  26 Am. Jur., Husband & Wife, Sec. 95.

The actions of both husband and wife in making provisions many years before her death for payment from the account of checks drawn by either of them are inconsistent with the theory that the husband intended to lose dominion over the property which is indispensable to a valid gift inter vivos.

We are impelled to hold that no such gift was intended or effected and that the decree should be reversed and one entered declaring the money in the joint bank account that of the appellant.

In the state of the record discussion of estates by entirety seems unnecessary to a disposition of the controversy.

Reversed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, and ADAMS, JJ., concur.

CHAPMAN, J., dissents.