William Luther Koon, during the month of May, 1941, caused the Bee Branch Cattle Company to be organized and incorporated. The authorized capital stock was one hundred shares. The original incorporators were William Luther Koon, W.H. Jackson, T.M. Lykes and Thomas Alexander. Appearing in the Minutes of a meeting of its Board of Directors dated July 19, 1941, is a record to the effect that William Luther Koon had purchased at Master's sale certain pasture or grazing lands situated in Glades County, Florida, and caused the Master in Chancery to convey by appropriate conveyance directly to the Bee Branch Cattle Company.
The late W.H. Jackson, a member of the firm of McKay, Macfarlane, Jackson Ferguson, of Tampa, was counsel for Mr. Koon and organized the corporation. The organization meeting was held in counsel's office in Tampa. At this meeting Mr. Koon was elected president, Mr. Lykes, vice-president, and Mr. Thomas Alexander, secretary-treasurer. Mr. Koon supplied the late Mr. Jackson funds necessary to buy delinquent tax certificates on the grazing lands. These certificates were foreclosed and a Master's deed obtained to the lands and title thereto placed in the corporation at the direction of Mr. Koon. The Board of Directors on July 19, 1941, ordered issued to William Luther Koon, or his nominees, as payment for said lands, 63 shares of stock in the corporation.
Certificate No. 1 consisting of 60 shares issued to William Luther Koon.
Certificate No. 2 consisting of 1 share issued to W.H. Jackson.
Certificate No. 3 consisting of 1 share issued to T.M. Lykes.
Certificate No. 4 consisting of 1 share issued to Thomas Alexander.
On May 27, 1941, W.L. Koon, joined by his wife, Elsa S. Koon, in consideration of the sum of $7,456.02, conveyed to the Bee Branch Cattle Company a large acreage of grazing lands situated in Glades County, Florida. On July 1, 1943, W.L. Koon and wife, Elsa S. Koon, conveyed described lands situated in Glades County, Florida, to the Bee Branch Cattle Company. It appears from the minutes of the corporation that Mr. Koon took a lease on said lands from the corporation from year to year and paid or agreed to pay as rentals all taxes and special assessments levied or might have been lawfully levied against the described lands, "with all other costs of upkeep and maintenance." The officers approved the minutes of the corporation dated July 19, 1941: "there being no further business it was declared adjurned sine die." Signed W.L. Koon, T.M. Lykes and W.H. Jackson.
A special meeting of the stockholders of the Bee Branch Cattle Company was held on December 10, 1943, at the offices of Mabry, Reaves, Carlton White, First National Bank Building, Tampa, Florida, with W.L. Koon, president, presiding. W.H. Jackson had transferred his one share of stock to Sallie Jones; Thomas Alexander and T.M. Lykes had transferred *Page 686 
their one share each to W.L. Koon; D.E. Carlton had purchased one share for the sum of $100. Outstanding shares of stock in the corporation on December 10, 1943, were sixty-four: sixty-two of which were owned by W.L. Koon; one share by Sallie Jones and one share by D.E. Carlton. S.L. Freel was elected secretary and acted as secretary of the stockholders' meeting.
It appears by the minutes of a special meeting of the stockholders of the corporation dated December 10, 1943, that W.L. Koon proposed to sell the whole stock of cattle personally owned by him then grazing on the lands of the corporation located in Glades County, Florida, the majority of which was marked swallow fork and underbit in one ear and swallow fork in the other and branded with the figure "3," in exchange for the balance of the unissued capital stock of the Bee Branch Cattle Company, consisting of thirty-six shares. The minutes further recited that the stockholders were familiar with the stock of cattle, acquainted with their value and the same were reasonably worth the remaining 36 shares of stock of the Bee Branch Cattle Company, and the offer proposal as made to it by W.L. Koon was by the stockholders of the corporation approved and by them accepted. The 36 shares of stock in the corporation to be issued in exchange for the stock of cattle should be issued, viz.: To W.L. Koon 23 shares; to Sallie Jones 4 shares; to Charlie Jones 3 shares; to Ferguson Jones 3 shares, and to Nathaniel McQueen 3 shares.
The directors of the Bee Branch Cattle Company, on December 10, 1943, designated W.L. Koon as the manager of the corporation and his salary or compensation as manager was fixed at "one thousand dollars per month, $12,000 per year." He was authorized and empowered to employ such help and labor as he deemed advisable and on such terms and conditions as were to him satisfactory.
Certificate No. 1 for 60 shares of the capital stock of the corporation in the name of W.L. Koon was by him surrendered and apparently cancelled on the stock book of the Bee Branch Cattle Company and in part issued, viz.:
 1. Doyle E. Carlton (1) one shares
 2. Sallie Jones (5) five "
 3. Charlie Jones (3) three "
 4. Ferguson Jones (3) three "
 5. W.L. Koon (5) five "
 6. Nathaniel McQueen (3) three "
 7. Doyle E. Carlton and Sallie
 Jones, as trustees for Ferguson
 Jones (20) twenty "
 8. Trustees for Sallie Jones (20) twenty "
 9. Trustees for Charlie Jones (20) twenty "
 10. Trustees for Cornelius Jones (10) ten "
 Total number of shares issued
 by the corporation (90) ninety "
 11. Number of unissued shares (10) ten "

The charter of the Bee Branch Cattle Company authorized the issuance of 100 shares. The ten shares of unissued stocks supra apparently are a part of the sixty shares embraced in original certificate No. 1, which was issued to W.L. Koon in 1941.
The four Jones children supra are related to W.L. Koon as neice and nephews and at his direction 70 shares of stock in Bee Branch Cattle Company were issued in their names and a trust fund was created or established for each and trustees named in each instrument. The four instruments are identical except as to the number of shares of stock. Pertinent portions are viz.:
"Know All Men by These Presents, that I, W.L. Koon, of Charlotte County, Florida, herein called the Trustor, have declared and created, and by these presents do declare and create, for the sole use and benefit (subject to the contingent provisions stated in Section VI hereof) of my nephew Ferguson Jones, herein called the Beneficiary, an irrevocable trust for the purpose and in the properties herein set forth, and to be administered in the form and manner herein stated, to-wit:
"I. This trust shall for convenience be called the Ferguson Jones Trust and the consideration for its execution is the love and affection I have and cherish, and the duty I owe to provide for my said nephew.
"II. This trust shall be administered by Doyle E. Carlton and Sallie Jones, and their successors, herein called Trustees. *Page 687 
They shall at all times preserve and keep all original instruments and documents relating to the trust and complete books and records, in such form as to truly, adequately and intelligently reflect at all times the state and condition of the trust, and shall hold all such documents, books and records subject at all reasonable hours to inspection, examination of, and audit by the Trustor, the Beneficiary and any auditor or attorney duly authorized by any of said persons.
 * * * * * *
"V. The trust hereby created shall continue for a period of twenty years, provided that upon the unanimous consent and agreement of the trustees and beneficiary it may be closed at such earlier date as they may so determine.
"VI. In the event my said nephew Ferguson Jones, shall die without issue during the life of this trust, the beneficial interest herein shall immediately pass to and vest in Sallie Jones, Charley Jones and Cornelius Jones, if then living, in equal parts. If any of these three is not living and leaves no child or children, his or her interest shall go to the survivors in equal parts. In the event any of these three should die leaving a child or children, the beneficial interest of such deceased shall immediately pass to and remain in such child or children in equal shares, the issue of such deceased taking the share of his or her parent.
 * * * * * *
"XI. For and in consideration of the premises, I, W.L. Koon, Trustor, have bargained, transferred, sold and conveyed, and by these presents do, in consideration of the premises, hereby bargain, sell, transfer, convey and deliver to the said Trustees hereinabove named and their successors in office, in trust, nevertheless, to be held, administered and finally disposed of under the terms and provisions hereof, the following: Twenty (20) shares of stock in Bee Branch Cattle Company, a corporation under the laws of the State of Florida, said shares being represented by Certificate No. 13; to have and to hold the same to them and their successor trustees in fee simple forever, in trust, nevertheless, for the uses and purposes herein stated, and not otherwise.
"In Witness Whereof, the said W.L. Koon, Trustor, has hereunto set his hand and seal, and for identification purposes has signed on the margin each page of this instrument, all this, the 10 day of December, A.D. 1943.
"W.L. Koon (Seal)"
Mr. Koon during September, 1945, lost his health and his continuously since been in a private institution at Orlando, Florida, and is now treated as a mental patient. The medical testimony is to the effect that he is suffering with arteriosclerosis, a disease which hardens the arteries and softens the brain, and, according to the weight of the medical testimony, he cannot recover. He is now physically incapitated and mentally incompetent to transact business or manage his private business affairs. The Judge of the Circuit Court of Charlotte County, Florida, on September 18, 1945, by an appropriate order based upon a petition of Elsa S. Koon, his wife, appointed her curator and guardian of the person and estate of William Luther Koon, then mentally incompetent. Mrs. Koon is the second wife of William Luther Koon and married him in 1923. They lived together as husband and wife but no children were born to W.L. Koon's first or second marriage. Mrs. Elsa S. Koon, acting as curator of her husband's estate, attempted to take over, operate and manage all of the property of the Bee Branch Cattle Company and was advised that the cattle ranch property was not the property of William Luther Koon.
On November 14, 1945, Mrs. Elsa S. Koon filed a bill of complaint, individually and as curator of the estate of and guardian of the person of William L. Koon, against Bee Branch Cattle Company and Doyle E. Carlton and Sallie Jones, as trustees for the three Jones boys and their sister Sallie Jones. In Division "A" of her bill of complaint she alleged that the trust agreements never became effective because of the fact that Koon never in any manner parted with dominion, control, or ownership *Page 688 
of the land or cattle, the title to which was vested in Bee Branch Cattle Company.
Division "B" alleged that William Luther Koon was injured in 1935 by a bull on the cattle ranch, which resulted in a broken leg, from which he never fully recovered — being under the treatment of a doctor — and on December 10, 1943, his condition was such that he did not have the mental ability to comprehend the extent of any business transaction that he might have handled, and that because of such mental condition the four trust agreements were null and void.
Division "C" alleged that if the Court should sustain the trust agreements, then (a) the formation of the company, (b) the issuance of the shares of stock by the Bee Branch Cattle Company, (c) the employment of Koon as manager of the company at $1,000 per month, and (d) the transfer of the shares of stock in Bee Branch Cattle Company, were unlawful; (e) that a bill of sale of the stock of cattle from Koon to the corporation was never recorded in Glades County; (f) a plan was concocted to turn the ownership of the corporation over to Sallie Jones and her three brothers; (g) the real intent was to deprive Elsa S. Koon of any right of dower that she might have at the time of her husband's death in and to the land and cattle claimed by the corporation; (h) the Bee Branch Cattle Corporation is the alter ego of William Luther Koon; (i) the whole plan was a scheme to defraud the wife of her right of dower to the land and cattle owned by the corporation.
Division "D" alleged that Koon was the owner of ten shares of unissued stock of the Bee Branch Cattle Company. Division "E" alleged that the Jones boys were using a Ford truck about the cattle ranch which had been used by Mr. Koon during his management and was not the property of the corporation but the property of Mr. Koon. Division "F" alleged that the Jones boys, since taking over the management of the corporation, had sold considerable cattle and as to said sales the plaintiff was entitled to an accounting. The bill of complaint prayed for (1) cancellation of the four trust agreements; (2) the right of dower be decreed in the plaintiff as to all property claimed by the Bee Branch Cattle Company; (3) information as to the financial condition of the corporation; (4) the Joneses be required to deliver to the plaintiff the Ford truck referred to.
A joint answer was filed admitting the formation of the corporation and conveyance of described lands into it by the plaintiff Elsa S. Koon and husband W.L. Koon; the sale of the above described stock of cattle by Koon to the corporation; the answer asserted the mental competency of Koon to transfer both the land and cattle to the corporation; it likewise asserted that Koon was mentally competent to execute the four trust agreements and in so doing he acted in good faith; other issues were made by the answer. The parties took considerable testimony and on final hearing the Chancellor held that the four trust agreements were executed and delivered by William Luther Koon in fraud of the right of dower of Elsa Koon, his wife. Defendants appealed.
Counsel for appellee, by cross assignment, contends that the Chancellor erred in that part of the final decree which held that William Luther Koon was mentally competent and therefore mentally capable to execute the trusts now before us and transact other business from 1935 until September 1945. We have studied all the evidence pertinent to this issue and it is our conclusion that the finding of the Chancellor on the point as expressed by the decree is amply supported by the weight of the evidence. We fail to find merit in the cross assignment. It is true that the testimony is conflicting on the question as to the ownership of the Ford truck used about the ranch by the Jones boys formerly possessed by Mr. Koon and registered in the latter's name. The failure of Mr. Koon to pay income taxes on his salary of $1,000 per month from December, 1943, until September, 1945, is suggestive of the conclusion of counsel *Page 689 
for appellants that it was waived by Mr. Koon, but there is some evidence to sustain the conclusion on these two points as made by the Chancellor and set out in the final decree. On these points it cannot be said that the record entirely fails to support the Chancellor's conclusion.
Counsel for appellants pose the following question: Was it fraud upon Mrs. Koon for Mr. Koon, on December 10, 1943, without her knowledge, to convey corporate stock then owned by him to trustees by separate trust deeds and deliver the stock certificates and deeds to the named trustees for the benefit of Mr. Koon's niece and three nephews? The lower court answered the question in the affirmative by holding the trust deeds and delivery of the stock void insofar as they affected the inchoate dower of the wife, Elsa S. Koon.
It is not disputed that Mr. Koon was the owner of the 70 shares of stock on December 10, 1943, and stock in a corporation usually is considered as personal property. Section 731.34, F.S.A., provides that the widow of any decedent when dissatisfied with the portion of the estate of her husband she is entitled to under the law of descent and distribution or under the will of her husband, or both, she may elect to take dower, which shall be one-third part in fee simple of the real estate owned by her husband at the time of his death, in which she has not relinquished her dower therein, and one-third part absolutely of the personal property owned by her husband at the time of hisdeath. Section 731.23, F.S.A., sets out the canons of descent of real and personal property of an intestate. William Luther Koon, husband of the plaintiff, still survives.
Our ruling in Williams v. Collier, 120 Fla. 248, 158 So. 815,162 So. 868, apparently was overlooked by the Chancellor in entering the decree challenged on this appeal. John Collier executed a last will and testament and therein bequeathed and demised to his wife one-third of all the real and personal property of "every kind and description and wheresoever situated of which [he (testator)] may die seized and possessed,
exclusive of [his] homestead." The testator then executed an instrument in writing, by the terms of which he appointed a trustee for the purpose of a trust, which was created, and recited therein that he had delivered to the trustee $50,000 in U.S. Bonds to be by the trustee equally divided between his 18 grandchildren. The widow brought suit to cancel the trust of her deceased husband, asserting that she was as a matter of law entitled to dower in the bonds previously delivered by her deceased husband to the trustee named in the deed of trust.
In sustaining the trust deed of the testator for the use and benefit of his grandchildren against the dower claims of his wife we, in part, said, text 120 Fla. at pages 257-258, 158 So. at page 818:
"Apparently ample provision had been made for the widow by devising to her one-third of the estate in fee, left at the death of the decedent, except the homestead; and there is an evident purpose in good faith for a proper purpose, to make special provision for the decedent's eighteen grandchildren out of personal property which was subject to his disposition during his life; the decedent being under no obligation to arrange the disposition of his personal property so as to benefit his widow's heirs to the detriment of his own.
"The terms of the trust instrument sufficiently express a bona fide intent of the maker of the trust, and such intent does not violate applicable rules of law.
"By claiming dower under the statute instead of the interest devised to her by the will, the widow gets the one-third dower interests in fee allowed her by law. The $50,000 in bonds were legally made a trust before the death of the owner of the bonds; and the widow has no right therein, either as widow or as devisee, against the trust created by the owner of the bonds during his life. Title to the registered bonds passed under the trust instrument with delivery of the bonds to the trustee.
"In Smith v. Hines, 10 Fla. 258, it appears that the husband designed by subterfuge *Page 690 
to deprive his wife of her dower rights when she was not properly provided for from his property. In this case the wife is amply provided for, and the husband created a trust in good faith for a laudable purpose, by a written instrument sufficient to impose a trust upon personal property delivered to the trustee."
In Smith v. Hines, 10 Fla. 258, it appears that the husband designed by subterfuge to deprive his wife of her dower rights when she was not properly provided for from his property. The record in the case at bar discloses that Mr. Koon, in 1943, and in September, 1945, owned in his own right considerable property other than the Bee Branch Cattle Company. Counsel for appellants itemized each piece of this property and placed a value on each separate item. Counsel for appellee disagrees with counsel for appellants as to the value and items of this property. It is established law that Mrs. Elsa S. Koon, upon the death of her husband, will be entitled to dower in and to the property owned by him at the time of his death.
Counsel for appellee fixes the value of the property now owned by William Luther Koon (other than the Bee Branch Cattle Company property) at the sum of $68,491.06, while counsel for appellants values this property at the sum of $103,861.30 and points out an error in computation of counsel for appellee in that the Koon home is omitted therefrom — also cattle in Charlotte County located in the "home pasture"; five shares of stock in Bee Branch Cattle Company; oranges and money due as interest to Mrs. Koon. It is argued that the widow is in her early fifties and her dower interest will be insufficient to sustain her during her years of expectancy, as she is now paying approximately $400 per month for the hospitalization of Mr. Koon. The Jones family replies that they will assume the immediate care of Mr. Koon without charge and eliminate this monthly expenditure. It is charged that Mrs. Koon, when appointed curator of her husband's property, came into possession of approximately $30,000 in cash and is now dissipating the same by the needless and extravagant expenditure of thousands of dollars for attorney's fees, costs of expert witnesses and other items of unnecessary litigation.
It is argued that the Bee Branch Cattle Company was the alter ego of Mr. Koon and organized by him to defeat the dower right of his wife. That Mr. Koon dominated and controlled the property of the corporation before and after incorporation. He recorded the brands of the cattle in the name of W.L. Koon after creating the four trusts. The answer to these arguments is, first, Mr. Koon owned a stock of cattle located in Charlotte County, Florida, having the same marks and brands as the stock of cattle by him conveyed to the corporation as situated in Glades County; second, the dominion and control of the property of the corporation by Mr. Koon after December 10, 1943, can be clarified in light of the fact that he was by the corporation employed as its manager at $1,000 per month and in so doing he was simply discharging his duties of employment. If the Chancellor below had applied the rule enunciated in Williams v. Collier, supra, to these controverted facts a contra conclusion would have been reached on this point. This ruling constitutes reversible error.
The lower court held that the ten shares of unissued stock in the Bee Branch Cattle Company was the property of W.L. Koon. It is contended here that this holding is contrary to both the law and the facts. The facts are substantially, viz.: On July 19, 1941, the Bee Branch Cattle Company issued Certificate No. 1 consisting of 60 shares to W.L. Koon. On December 10, 1943, Mr. Koon surrendered to the corporation Certificate No. 1, consisting of 60 shares, and the same was stubbed or fastened to the original sheet of stock book of the corporation. Mr. Koon caused to be issued by the corporation 50 shares to his relatives of the 60 original shares, thereby leaving in the *Page 691 
corporation ten unissued shares. On the same day, to-wit, December 10, 1943, he sold to the corporation described cattle situated in Glades County for 36 shares, all of which were issued at his direction. From December 10, 1943, until his collapse in September, 1945, Mr. Koon made no claim whatsoever to the ten shares of unissued stock, although he had previously deeded in trust 70 shares to his niece and nephews; sold one to Doyle E. Carlton; gave five to Sallie Jones; three to Charley Jones; three to Ferguson Jones; three to Nathaniel McQueen, and issued five shares to himself. Ninety shares of stock in the corporation were issued. Mr. Koon, as a shrewd business man in 1943, knew that the value of each issued share of stock in the corporation would be increased proportionately if the ten surrendered shares were never issued. He at the time was considering the financial interest of the children of his sister, his niece and nephews, whom he loved as his own. The several steps and actions of Mr. Koon in promoting the welfare of those he loved, coupled with the pertinent testimony of Governor Carlton and Sallie Jones on this point, lead to the conclusion that Mr. Koon intended the ten unissued shares as a gift or donation to the Bee Branch Cattle Company. Jones v. Ferguson, 150 Fla. 313, 7 So.2d 464. All other questions raised on this appeal have been carefully considered.
The decree appealed from is reversed in part with directions to the Court below to enter a final decree not inconsistent with the views and conclusions herein expressed.
Affirmed in part and reversed in part.
ADAMS, C.J., TERRELL and THOMAS, JJ., and BROWN, Associate Justice, concur.
BARNS and HOBSON, JJ., dissent in part.