MAGER, Judge.
This is an appeal by defendant Gertrude Williams from a final declaratory judgment entered in favor of plaintiff, Eugene Williams, as Executor of the Estate of Leroy Williams, Sr.[1]
*275 On August 5, 1969, Leroy Williams, Sr. died and left a will which was duly admitted to probate under the terms of which he left all his money in the Broward County Teachers Credit Union, Inc. to his wife (defendant) and his children in equal shares. Defendant contends that upon the death of her husband she became the sole owner of the account in the credit union as a result of a joint share agreement with right of survivorship alleged to have been previously created by decedent. The trial court was of the opinion that a joint share account with right of survivorship had not been established between Leroy Williams, Sr. and defendant and that the plaintiff, as executor of the estate of Leroy Williams, Sr., was entitled to the proceeds of the account presumably to be distributed in accordance with the terms of the will.
It is a fundamental proposition that the conclusions of a trial court as to matters of fact come before the appellate court clothed with a presumption of correctness and in testing the accuracy of such conclusions the appellate court should interpret the evidence or reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain those conclusions; the findings of the trial court will not be disturbed unless clearly erroneous or against the manifest weight of the evidence. 2 Fla.Jur., Appeals, § 346.
The undisputed facts in evidence indicate that Leroy Williams opened an account in 1955 with the credit union. Sometime between 1955 and 1959 the original account card was lost. The exact date of the loss is not known. Neither is the exact date known on which a duplicate card was prepared and executed by Leroy Williams. The dates are not material to the disposition of this cause. It appears, however, that at a date not earlier than February 1959, an employee of the credit union prepared a duplicate card on which Leroy Williams, being illiterate, placed his X mark, the said “signature” being witnessed by the same employee. On the reverse side of the account card was printed a joint share account agreement for accounts jointly owned and providing for the joint ownership of the account with right of survivorship and subject to withdrawal by any joint owner and payment to either of them or to the survivor. At the place provided for the joint owners’ signatures the employee wrote on one line “Leroy Williams” and on another line “Mrs. L. Williams” at the request of Leroy Williams. The said Leroy Williams affixed his X mark which was witnessed by the employee. The evidence reflects that the defendant was not present at the time Leroy Williams executed and signed the account card or joint share agreement; nor did the defendant ever sign the account card. The record is silent as to any evidence indicating whether defendant knew of the existence of this joint share account; however, the evidence conclusively shows that the defendant made no deposits or withdrawals during the 10-year period of the existence of this account, although defendant made some withdrawals after the death of Leroy Williams.
The Supreme Court of Florida has held that where a joint bank account with right of survivorship is established with the funds of one person, a gift of the funds remaining in the account after the death of the creator of the joint account is presumed, but such presumption may be rebutted. Chase Federal Savings and Loan Ass’n v. Sullivan, Fla. 1960, 127 So.2d 112; Spark v. Canny, Fla.1956, 88 So.2d 307; Webster v. St. Petersburg Federal Savings & L. Ass’n, 1945, 155 Fla. 412, 20 So.2d 400, and Graham v. Ducote Federal Credit Union, Fla.App.1968, 213 So.2d 603. A review of the record indicates the existence of sufficient competent and substantial evidence to rebut the presumption that the creation of the joint share account constituted an inter vivos gift by Leroy Williams, donor, to Gertrude Williams, donee. The basic elements necessary to establish a gift inter vivos thereby giving rise to the creation of a joint account of money with the right of survivorship are: (1) clear in *276 tention of the donor to transfer a present interest, (2) delivery by surrender of dominion and control to the donee, and (3) acceptance of the gift by the donee. See Chase Federal Savings and Loan Ass’n v. Sullivan; Spark v. Canny; Webster v. St. Petersburg Federal Savings & L. Ass’n; and Graham v. Ducote Federal Credit Union, supra.
In Webster the Supreme Court held, at p. 403, of 20 So.2d:
“In order for a surviving party to be entitled to such fund as a gift there must have been the intention of the depositor to relinquish dominion of the subject matter to the person named in the joint account absolutely, and there must have been a present delivery and surrender of control over the funds to the donee. Jones v. Ferguson, 150 Fla. 313, 7 So.2d 464. The intention to make a gift of the balance of a bank account at the death of the donor to the survivor, where the donor retains the control and beneficial interest in the fund during his lifetime and does not intend for it to become effective until death does not effect a gift, as there is no final irrevocable act carrying into completion the intention of the donor.”
In the case sub judice it is undisputed that there was no delivery or acceptance. However, there is some indication from the decision in Spark v. Canny, supra, that actual delivery and acceptance as they relate to gifts inter vivos cannot be strictly or literally applied in determining whether a joint bank account with right of survi-vorship has been established. (See Maier v. Bean, Fla.App. 1966, 189 So.2d 380). In this regard the Supreme Court held in Spark, at p. 311 of 88 So.2d:
“ * * * Thus, the very nature of a joint bank account is such that one essential element of a gift inter vivos is missing — that of surrender of dominion and control by the donor — since each party has an equal right to withdraw the funds on deposit. See Hagerty v. Hag-erty, Fla.1951, 52 So.2d 432. Nor is the rule as to ‘delivery’ of the gift applicable in this situation. This is so because the thing given is not the money, in specie, on deposit in the joint bank account; it is a gift of an interest in the funds on deposit equal to that of the donor. But we think that the third essential of a gift inter vivos — that of donative intent — is just as relevant to the question here under discussion as it is in cases involving the establishment of a bank account by a person with his own funds in the name of another. Cf. McKinnon v. First Nat. Bank of Pensacola, 77 Fla. 777, 82 So. 748, 6 A.L.R. 111, and King v. King, Fla.1951, 55 So.2d 181; or in the establishment of a joint bank account by a husband in his and his wife’s names, Cf. Jones v. Ferguson, 150 Fla. 313, 7 So.2d 464, and Hagerty v. Hagerty, supra, 52 So.2d 432.” (Emphasis supplied.)
The absence of actual delivery or acceptance although not controlling is nevertheless to be considered in the totality of the situation. What primarily needs to be shown is the donor's intent to give the do-nee a present interest in the res and not an interest that becomes effective upon the death of the creator. If the giving of such interest be contingent upon the death of the donor, then the purported establishment of the joint account becomes an ineffective attempt to do that which can only be accomplished by last will and testament. Chase Federal Savings & Loan Ass’n v. Sullivan, supra. See also F.S. section 689.-15, F.S.A. In this connection the record reflects that the will of Leroy Williams contained the following bequest:
“5. I, give, bequeath and devise all money I have at the Broward County Teachers Credit Union to my loving wife, GERTRUDE WILLIAMS, and my five sons, EUGENE WILLIAMS, LEROY WILLIAMS, JR., PAUL WILLIAMS, WILLIE WILLIAMS, and JIMMIE WILLIAMS, in equal shares, to share and share alike.” (Emphasis added.)
*277 Not only does this language clearly rebut the presumption of a gift but more significantly it affirmatively indicates the absence of the intention of the donor to transfer a present interest and instead shows an intention to transfer an interest at the time of death. The fact that the joint share account was in existence for ten years during which period the defendant made no deposits or withdrawals and was seemingly unaware of the existence of such account are additional indications that, at the time the account was created, there was no donative intent to make a present gift.
In passing we observe that it was not essential for the defendant to have been present at the time her husband executed the agreement nor was it essential that the agreement be signed by the defendant in order for a joint share account with right of survivorship to have been created. They are, however, factors to be considered by the court along with other evidence in determining whether the presumption of a gift has been overcome.
With respect to defendant’s alternative contention that the execution of the joint share agreement created a contract between the owner of the funds and the credit union for the benefit of the surviving claimant, decisions of our courts indicate that the contract theory has been rejected in favor of the gift or trust theories. See Chase Federal Savings and Loan Ass’n v. Sullivan; Spark v. Canny; and Webster v. St. Petersburg Federal Savings & L. Ass’n., supra. Cf. Survivorship Bank Accounts in Florida, 41 Fla.Bar Journal 246.
The defendant having failed to carry his burden of demonstrating that the findings of the trial court are either clearly erroneous or against the manifest weight of the evidence, the judgment of the trial court is affirmed.
REED, C. J., and OWEN, J., concur.

. The Broward County Teachers Credit Union was named as a defendant below and is not a party to this appeal. The monies contained in the fund, which is the subject matter of this controversy, were deposited into the registry of the court by the credit union.