PER CURIAM.
This cause is before us on appeal from orders entered in probate proceedings denying removal of the personal representatives, granting removal of the trustees, awarding bank accounts as non-estate assets, and granting attorney fees, accountant fees, and special master fees. On appeal, appellant contends that: (1) bank account 046, specifically designated in decedent’s will as a trust asset, and checking account 587 were improperly designated as non-estate assets; (2) the trial court erred in refusing to remove the personal representatives; and (3) the trial court erred in allowing payment by the estate of attorney fees, accountant fees, and other costs which resulted from legal representation of the persona] representatives in their individual capacities. We reverse as to each issue.
Alma S. Gainer died on December 22, 1983, leaving a will dated October 5, 1983.[1] Mollie D. Sapp, a trust beneficiary under Article II of the will, died on September 2, 1986. The will was admitted to probate on January 6, 1984.
On February 11, 1983, Mrs. Gainer’s savings account (account 046) was changed from a personal account to a joint account with right of survivorship in Shirley Davis. On August 7, 1981, Mrs. Gainer’s checking account (account 587) was changed from a personal account to a joint account with right of survivorship in Ronald and Shirley Davis.
Following Gainer’s death, the Davises, as personal representatives, filed an inventory and several accountings, which the court held were insufficient. The beneficiaries subsequently filed a petition to remove the personal representatives for their failure to comply with court orders. The trial court denied the motion and ordered partial distribution of the estate. The trial court designated accounts 046 and 587 as non-estate assets and awarded those accounts to Mr. and Mrs. Davis.
The issue presented is whether the presumption of Section 658.56, Florida Statutes, pertaining to bank accounts in the name of two or more persons, controls or is rebutted by evidence indicating the decedent’s contrary intent. Section 658.56, Florida Statutes (1989),[2] creates a rebut- *741 table presumption that appellees have a survivorship interest in the two bank accounts which were maintained by the decedent in both of their names, but this presumption may be overcome by clear and convincing proof of a contrary intent.
The Davises’ letter to the administrator ad litem dated February 9, 1988, indicates that after the death of Mr. Gainer in 1981, the decedent, Alma Gainer, was feeling lonely and seemed to need the Davises “more than ever.” In 1982, the decedent “seemed to know that her time was limited. She had many aches and pains and bouts of illness.” She called on the Davises to meet her personal needs many times.[3] After Mr. Gainer’s death, the Davises were added to the contested accounts as joint tenants.
Shirley Davis testified that neither she nor her husband deposited or withdrew money from these accounts prior to the death of Mrs. Gainer. She further testified that the only money deposited in these accounts came from Mrs. Gainer’s funds; that disbursements were used solely for the benefit of Mrs. Gainer; and that the money was Mrs. Gainer’s “as long as she lived.” Furthermore, Mrs. Davis testified she would not have made a claim if Mrs. Gainer had withdrawn the money during her lifetime. On January 10, 1984, Mrs. Davis closed out accounts 587 and 046 on the advice of counsel.
We hold that Mrs. Davis’s testimony is inconsistent with, and contrary to, a completed inter vivos gift in the joint accounts. This testimony is essentially un-contradicted and reveals that a present interest in the contested accounts was not created. The evidence also shows there was no acceptance of the inter vivos gifts.[4] Clear and convincing evidence supports a finding that survivorship accounts were not created.[5] Therefore, we must reverse the trial court’s order designating the accounts as non-estate assets. See Gentzel v. Estate of Buchanan, 419 So.2d 366 (Fla. 1st DCA 1982); review denied, 426 So.2d 26 (Fla.1983); King v. Estate of King, 554 So.2d 600 (Fla. 1st DCA 1989), review denied, 564 So.2d 487 (Fla.1990).
Section 733.504(9), Florida Statutes, provides that a personal representative may be removed for holding or acquiring conflicting or adverse interests against the estate which will adversely interfere with administration of the estate as a whole. In the instant case, a conflict arose when the Davises asserted an interest in the two *742 estate assets, accounts 046 and 587. In re Estate of Katherine Bell v. Johnson, 573 So.2d 57 (Fla. 1st DCA 1990). Accordingly, we reverse the trial court’s order and remand for removal of the Davises as personal representatives.
Section 733.106, Florida Statutes, authorizes the payment of attorney fees to any attorney who has rendered services to the estate, provided the services benefit the estate. Samuels v. Ahern, 436 So.2d 1096 (Fla. 1st DCA 1983), review denied, 449 So.2d 265 (Fla.1984). In the instant case, services rendered by the attorney for the personal representatives incident to the preparation of their own claim for estate assets cannot properly be said to have benefited the estate. Therefore, we reverse and remand with directions that the court excise from the attorney fee award those fees resulting from the representation of the personal representatives in their individual capacities.
The order under review awarded fees for services rendered in the “preparation of final Fiduciary Income Tax Returns (1989) and final Estate Accounting.” In view of the decision herein on the other issues on appeal, some or all of these fees may be improperly awarded under the standard set forth in In re Estate of Wilson, 116 So.2d 440, 443 (Fla. 2d DCA 1959), and Sections 733.602 and 737.302, Florida Statutes, regarding the standard of care required in managing an estate.[6] Specifically, we note the repeated failure of the personal representatives to comply with the court’s orders and the repeated filing of insufficient accountings which imposed additional and perhaps unnecessary costs on the estate. We therefore reverse and remand for reconsideration in light of this opinion, the award of accountant fees.
Section 733.106, Florida Statutes, provides that in probate proceedings, the court may award costs as in chancery actions. The well-settled rule in chancery cases is that “costs follow the judgment unless there are circumstances that render application of this rule unjust.” In re Estate of Simon, 549 So.2d 210 (Fla. 3d DCA 1989), review denied, 560 So.2d 788 (Fla.1990); Dayton v. Conger, 448 So.2d 609 (Fla. 3d DCA 1984). In the instant case, special master fees were incurred as a result of the personal representatives’ attempt to obtain for themselves the contested accounts. As noted previously, this action was not on behalf of the estate but rather on behalf of the personal representatives in their individual capacities. In reversing the foregoing issues, we reverse the award of special master fees and remand for proceedings consistent herewith.
The probate orders under review are reversed, and this cause is remanded for proceedings consistent with this opinion.
BOOTH and MINER, JJ., and WENTWORTH, Senior Judge, concur.

. Article II of the will states:
If my mother, Mollie D. Sapp, survives me, I devise to the trustee hereinafter designated, IN TRUST, property ... having a fair market value ... of $78,000.00. It is my intent and desire that the assets used to satisfy this devise shall consist of the following:
[[Image here]]
D. $21,000.00 invested at the first Bank of Marianna [account 046].
The trustee and personal representative shall, however, use their discretion in determining the assets used to satisfy this devise.
[[Image here]]
2. Upon the death of my mother the trustee shall ... distribute ... the remaining principal and undistributed income from the trust to the devisees specified in Article IV.... Article IV provides for distribution of the residue. Article VI provides for the appointment of Ronald and Shirley Davis as co-personal representatives and as trustees for the trust.

. Section 658.56, Florida Statutes, provides in pertinent part that:
(1) Unless otherwise expressly provided in the signature contract card or other similar instrument delivered to and accepted by a bank in connection with the opening or maintenance of an account, including a certificate of deposit, in the names of two or more persons, whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders, all such persons and each person depositing funds in any such account shall be presumed to have intended that upon the death of any such *741 person all rights, title, interest, and claim in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank, shall vest in the surviving account holder or holders.
(2) The presumption herein created may be overcome only by proof of fraud or undue influence or clear and convincing proof of a contrary intent. In the absence of such proof, all rights, title, interest and claim in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper set-offs and charges in favor of the bank against any one or more of such persons, shall, upon the death of any such person, vest in the surviving account holder or holders, notwithstanding the absence of proof of any donative intent or delivery, possession, dominion, control, or acceptance on the part of any person and notwithstanding that the provisions hereof may constitute or cause a vesting or disposition of property or rights or interests therein, testamentary in nature, which, except for the provisions of this section, would or might otherwise be void or voidable.

. The frequency and extent of the services are not specified. There is no allegation that decedent agreed to compensate the Davises for personal services.

. The common law elements necessary to the creation of a joint account with right of surviv-orship are: (1) clear intention of the donor to transfer a present interest; (2) delivery by surrender of the dominion and control to the do-nee; and (3) acceptance of the gift by the donee. Williams v. Williams, 255 So.2d 273 (Fla. 4th DCA 1971). While affirmative proof of these elements is no longer necessary for the presumptive creation of a joint survivorship account under Section 658.56, such elements, or the lack thereof, remain relevant in rebutting the presumption.

. Mrs. Gainer's will provides further evidence that she did not intend to make a gift or set up a survivorship account in account 046. Article II, section D specifically devised account 046 in trust. This devise occurred after the Davises were added to the account.

. Section 733.602, Florida Statutes, provides in pertinent part:
(1) A personal representative is a fiduciary who shall observe the standards of care applicable to trustees as described by s. 737.302.
Section 737.302, Florida Statutes, provides in pertinent part:
Except as otherwise provided by the trust instrument, the trustee shall observe the standards in dealing with the trust assets that would be observed by a prudent trustee dealing with the property of another.